**VAN ZANDT v. McKEE et al.**

No. 14152.

United States Court of Appeals
Fifth Circuit.

March 11, 1953.

---

Dean A. Andrews, Jr., New Orleans, La., Bert W. Clarke, Metarie, La., for appellant.

Fred J. Cassibry and James C. Henriques, Jr., New Orleans, La., Victor A. Sachse, Baton Rouge, La., Edward D. Finley, Jr., New Orleans, La., for appellees.

Before HOLMES, BORAH and RUSSELL, Circuit Judges.

HOLMES, Circuit Judge.

The complaint in this case is replete with allegations of fact and conclusions of law, which at times are difficult to distinguish; but, construing the pleadings so as to secure the just, speedy, and inexpensive determination of the action, we take the facts as alleged therein in their most favorable aspect so far as appellant is concerned. We were advised in open court, however, that this appeal had been dismissed as to the American Federation of Labor and the United Brotherhood of Carpenters and Joiners of America.

This leaves three general contractors and Local 1846, United Brotherhood of Carpenters and Joiners of America, as the only appellees; and the gist of the claim against them is that they have refused or prevailed upon others to refuse to hire appellant, or have hired him and refused to retain him in their employment or prevailed upon others to do so. So far as appellant's claim is predicated on any federal statute, we think the judgment appealed from should be affirmed upon the authority of Amazon Cotton Mill Co. v. Textile Workers Union, 4 Cir., 167 F.2d 183. So far as it is based upon his alleged constitutional right to work, there is no showing that such right has been invaded by these remaining appellees.

The right to life, liberty, and the pursuit of happiness, includes the right to work and earn an honest living; but it does not include the right to work for any particular individual without the latter's consent. One man's right to work stops short of the other fellow's right not to hire him. The appellant may have a cause of action under the laws of some state, but he has stated none that involves a federal question, and none of the requisite jurisdictional amount wherein there is a controversy wholly between citizens of different states. Therefore, the judgment appealed from is affirmed.

Affirmed.