**John F. LANKFORD, Plaintiff,**

v.

**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL–CIO, an unincorporated association functioning as a labor organization, et al., Defendants.**

**Civ. A. No. 9601.**

United States District Court
N. D. Alabama, S. D.
June 28, 1960.

C. V. Stelzenmuller, Attorney, Birmingham, Ala., for plaintiff.

Cooper, Mitch, Black & Crawford, and Jerome A. Cooper, Birmingham, Ala., for defendant.

GROOMS, District Judge.

Plaintiff has moved for summary judgment on the issue of liability. The defendant has moved to dismiss and, in the alternative, prays for summary judgment. The motions for summary judgment should be overruled.

On the 15th day of April, 1960, the Court granted the defendants' motion to dismiss and allowed plaintiff 20 days within which to amend his complaint. Plaintiff has amended the original complaint and now designates it "First Claim." In addition thereto, he has added Second through Sixth Claims.

■ Plaintiff's second claim is based upon an alleged violation of the Labor-Management Reporting and Disclosure Act of 1959. 29 U.S.C.A. §§ 401 et seq., 411, 412. Plaintiff claims that he was wrongfully expelled from his union, the expulsion occurring on August 10, 1959. On September 5, 1959, he appealed to the defendant International Union. On September 14, 1959, the Act here involved went into effect. On February 10, 1960, the International Union affirmed the expulsion.

Plaintiff asserts that since he had no right to institute this action until he had exhausted his administrative remedies, the applicable law is determined by the date of the affirmance. I do not agree. In Smith v. General Truck Drivers, etc.,

Union, D.C.S.D.Cal., 181 F.Supp. 14, 18, the Court said:

"So we come to the fundamental fact which determines the matters before us, namely that the wrong or tort, if any, committed against the plaintiff and of which he complains *is the issuance,* without a hearing and without his request, of the withdrawal card on November 21, 1958. As that occurred before September 14, 1959, *the effective date of the Act,* this Court has no jurisdiction over the action. The statute should not be given a retroactive effect. See, Claridge Apartments Co. v. Commissioner of Internal Revenue, 1944, 323 U.S. 141, 164, 65 S.Ct. 172, 89 L.Ed. 139.

"The subsequent refusal to reinstate is not by itself an actionable wrong under the Statute. § 101(a) (1), (2), (5). It refers back to the alleged unwarranted issuance of the withdrawal card."

An analogous situation was presented in Schatte v. International Alliance, etc., 9 Cir., 182 F.2d 158, at page 164, where it was said:

"The Taft-Hartley Act was enacted June 23, 1947. The complaint alleges that appellants were forced to leave their employment on or about September 23, 1946. Thus, whatever breach of contract is alleged took place at least nine months before the enactment of the statute. Appellants stress the allegations of the complaint that appellees have continuously maintained a 'mass lockout' against appellants down to the time of the complaint as establishing a 'continuous breach' extending until after the enactment of § 301. The breach of contract alleged was total and absolute on or about September 23, 1946, and the cause of action, if any, for such breach accrued in its entirety at that time. The general rule is that an employee who is discharged in viola-tion of his contract of employment may sue only once and at that time recover all present and prospective damages. * * * The alleged continuous acts of barring appellants from employment subsequent to the enactment of § 301 concededly might serve to enhance the damages for a breach of contract to which liability had already attached, but such acts could not in themselves constitute 'violation of contracts' within the meaning of § 301, because, according to the complaint, no contracts between appellants and appellees remained outstanding." See also, Studio Carpenters Local Union No. 946 v. Loew's, Inc., 9 Cir., 182 F.2d 168.

■ Plaintiff's third claim purports to be grounded upon a violation of Section 7 of the Labor-Management Relations Act, 29 U.S.C.A. § 157. Section 158(b) (1) of that Act provides it shall be an unfair labor practice for a labor organization to restrain or coerce employees in the exercise of the rights guaranteed by Section 157. Section 160(a), 29 U.S. C.A., empowers the National Labor Relations Board to prevent any person from engaging in any unfair labor practice prescribed by Section 158. I am of the opinion that the Act has pre-empted plaintiff's purported cause of action. Amazon Cotton Mill Co. v. Textile Workers Union, 4 Cir., 167 F.2d 183. Van Zandt v. McKee, 5 Cir., 202 F.2d 490, was affirmed upon authority of Amazon.

The fourth claim of plaintiff is based upon an alleged discrimination against the plaintiff because of his having testified before the National Labor Relations Board. Section 158(a) (4) provides that any employer who discriminates against an employee because he has filed charges or given testimony shall be guilty of an unfair labor practice. The Act is not as specific with respect to labor unions. Section 158(b) (2) makes it an unfair labor practice for a labor organization to discriminate against an employee for any reason, other than the nonpayment

of dues or membership fees. See Editorial Comment, 2 CCM, L.L.Report, par. 4100, wherein it is stated that unions are indirectly forbidden from engaging in such practice by being prohibited from discriminating by Section 158(b) (2). Here again we have a question of pre-emption.

■ The fact that a criminal penalty is imposed by Section 162 does not oust the Board of its pre-empted jurisdiction. That section does not purport to invest a Federal district court with independent civil jurisdiction. If it has effect, other than is made plain by its language, it is to safeguard the pre-empted jurisdiction of the Board. I am of the opinion that the fourth claim is not sustainable.

■ The fifth claim of plaintiff charges a violation of the civil rights statute, 42 U.S.C.A. § 1985. Plaintiff here resorts to conclusions. This claim does not square with the requirements for a validly stated cause of action under the section referred to. Collins v. Hardyman, 341 U.S. 651, 71 S.Ct. 937, 95 L.Ed. 1253; Dinniddie v. Brown, 5 Cir., 230 F.2d 465; Schatte v. International Alliance, etc., supra.

■ Plaintiff's sixth claim is said to state a claim under the doctrine of pendent jurisdiction. This appears to be a kind of catchall claim. I am of the opinion that the alleged federal questions presented by the first through the fifth claims are plainly wanting in substance, and that, therefore, this claim standing alone, in the absence of an averment of diversity, can not be sustained.

It is, therefore, Ordered, Adjudged and Decreed:

(1) That the motions for summary judgment be and each of said motions are hereby overruled; and

(2) That the defendants' motion to dismiss the complaint, as amended, first through sixth claims, be and the same is hereby granted, and the actions purported to be stated therein be and the same are hereby dismissed, and costs taxed against the plaintiff.