Irwin RAPPAPORT et al.

v.

INTERNATIONAL ASSOCIATION OF MACHINISTS, etc., et al.

No. 60 C 1840.

United States District Court
N. D. Illinois, E. D.

Jan. 10, 1962.

George W. Overton, F. Raymond Marks, Jr., Morris L. Simons, Frederic D. Houghteling, Donald Page Moore, Chicago, Ill., Overton, Marks, Simons & Houghteling, Hubert L. Will, Chicago, Ill., for plaintiffs.

Henry E. Seyfarth, Lee C. Shaw, Walter P. Loomis, Jr. and Wilfred F. Rice, Jr., Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for defendants International Ass'n of Machinists; Tool and Die Makers Lodge No. 113, I.A.M.; Al J. Hayes; Paul L. Siemiller, Joseph W. Ramsey; Paul J. Burnsky; E. R. White; Harold J. Gibson; Thomas E. Hansen, Jr.; Raymond Christoffel; George Christensen; Harold Steger; Lester Anderson; John Melohn and Walter Morvay.

John F. Cusack, Robert E. Cusack, Chicago, Ill., for defendants Berwyn F. Hanley, Edward M. Hanks, Frank M. Wilke and Delmar W. McDole.

Paul C. Stowick, Chicago, Ill., for defendant Joseph D. Vrechek.

PERRY, District Judge.

The complaint in this cause alleges that as to Counts I, II and III, jurisdiction is based upon Section 102 of the Labor-Management Reporting and Disclosure Act of 1959 (29 U.S.C.A. § 401 et seq.), and that Counts IV and V state claims arising out of the common law of the State of Illinois and fall within the pendant jurisdiction of this court because the facts and circumstances giving rise to such claims are substantially identical to the facts and circumstances giving rise to the federal claims stated in preceding counts.

An examination of the complaint discloses that the acts and events detailed therein cover a period from 1955 to February 14, 1959 when defendant Hayes, the International President of International Association of Machinists (I.A.M. for brevity), issued his decision finding plaintiffs guilty and ordering them expelled from that organization.

It appears that on March 10, 1959, plaintiffs appealed, from defendant Hayes' decision, to the I.A.M. Executive Council which thereafter, on May 8, 1959, notified plaintiffs that it had voted to uphold the decision of said defendant Hayes.

In August, 1959, plaintiffs appealed from the decision of the Executive Council to the next I.A.M. Grand Lodge Convention which was scheduled to convene in September, 1960.

The court observes that thereafter, on September 14, 1959, the Labor-Management Reporting and Disclosure Act of 1959 became law.

One year later, on September 14, 1960, the Convention adopted the recommendation of the Appeals and Grievance Committee and sustained the Executive Council's decision and the expulsion of plaintiffs.

With the exception of the action of the Convention on September 14, 1960 (which sustained the decision of the Executive Council and sustained the expulsion of the plaintiffs) all of the events and actions complained of in this cause, leading up to and including the expulsion order of February 14, 1959, occurred prior to the enactment of the Labor-Man-

agement Reporting and Disclosure Act of 1959. The Convention's aforesaid action taken on September 14, 1960, after the Act became law, relates back to February 14, 1959, the date of the original expulsion order.

 In view of fundamental rules of construction, as well as a lack of expression or indication of any legislative intent that the Labor-Management Reporting and Disclosure Act of 1959 be applied retrospectively, this court is of the opinion that it cannot be so applied. "Retroactivity, even where permissible, is not favored, except upon the clearest mandate." (Claridge Apartments Co. v. Com'r, 323 U.S. 141, 164, 65 S.Ct. 172, 184, 89 L.Ed. 139). Plaintiffs, therefore, have no right of action under the Act, and this court is without jurisdiction as to Counts I, II and III of the complaint.

Turning to Counts IV and V: Plaintiffs argue that these Counts state claims arising under the common law of the State of Illinois and that this court has pendant jurisdiction of such claims under the doctrine of Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148. In the instant case, however, since this court has no jurisdiction over the federal claims alleged in each of the first three Counts, it can have no jurisdiction over the non-federal claims alleged in Counts IV and V—absent diversity jurisdiction.

Defendants Hayes, White, Gibson and Christensen have moved to quash the summons herein and the returns of service of summons, and to dismiss the complaint and action as to said defendants on the grounds that (a) said defendants are residents of states other than the State of Illinois and (b) said defendants have not been personally served with a copy of the summons and complaint within the territorial limits of the State of Illinois. This court, being in accord with the reasoning of Judge Igoe in the case of Smith v. Alexandrian, 61 C 160, is of the view that said motion should be granted.

With the exception of defendant Walter J. Kotfila who was not served with process, each of the defendants in this proceeding has moved to dismiss the complaint herein, and, in line with the views hereinabove expressed, said motions to dismiss should be granted.

Certain of the defendants herein have moved that the complaint be stricken for failure to comply with Rule 8(a) (2), Federal Rules of Civil Procedure, 28 U.S.C.A., and for failure to comply with Rule 8(e). It is unnecessary to rule on these motions, however, because of the granting of aforesaid motions to dismiss.

It is ORDERED—

(1) That the motion of defendants Hayes, White, Gibson and Christensen to quash the summons herein and the returns of service of summons, and to dismiss the complaint and action as to said defendants be and it is hereby granted.

(2) That the motion of each of the defendants herein made to dismiss the complaint be and it is hereby granted.