Joseph KRULIKOWSKY

v.

METROPOLITAN DISTRICT COUNCIL
OF PHILADELPHIA AND VICINITY

and

Local Union No. 8, United Brotherhood of
Carpenters and Joiners of America.

Civ. A. No. 29974.

United States District Court
E. D. Pennsylvania.

Dec. 27, 1962.

Lawrence Goldberg, Philadelphia, Pa., for plaintiff.

M. H. Goldstein, of Goldstein & Barkan, Philadelphia, Pa., for defendants.

FREEDMAN, District Judge.

Plaintiff instituted this action against the Metropolitan District Council of Philadelphia and Vicinity and Local Union No. 8, of the United Brotherhood of Carpenters and Joiners of America, alleging violation of the "Bill of Rights" provision of the Landrum-Griffin Act (Labor-Management Reporting and Disclosure Act, 29 U.S.C.A. § 411) and the deprivation of certain rights which he claims are guaranteed him under the Constitution and By-Laws of the International Body, the District Council and the Local.

In an earlier phase of the case we denied the defendants' motion under Rule 12(b) to dismiss the action for lack of jurisdiction over the subject matter, without prejudice to its subsequent renewal, and granted defendants' motion under Rule 12(e) for a more definite statement. Krulikowsky v. Metropolitan District Council of Philadelphia & Vicinity, 30 F.R.D. 24 (E.D.Pa.1962).[1] Pursuant to our order plaintiff filed an amended complaint and defendants have renewed their motion to dismiss.

There are now two questions before us: (1) whether the Act is applicable in the present case where the original decision of expulsion from membership in the Union was made prior to the effective date of the Act, but subsequent proceedings occurred after that date; and (2) whether the appellate authorities in the Union are indispensable parties defendant.[2]

The issue is quickly revealed by a bare recital of the facts.

On June 9, 1959, prior to the effective date of the Act, plaintiff was expelled from membership in the United Brotherhood of Carpenters and Joiners of America. This followed a trial by the Trial Committee of the District Council for alleged violations of the Constitution and By-Laws of the International Organization, after plaintiff's receipt of the charges preferred against him and written notice to appear. On June 29, 1959, plaintiff appealed to the International President, in accordance with the provisions of the Constitution of the International Body. While his appeal to the International President was pending, the Landrum-Griffin Act became effective on September 14, 1959. Thereafter, on April 4, 1960, the International President overruled the penalty of the District Council and instead placed plaintiff on probation for a period of five years, prohibiting him from serving as an officer, delegate or committeeman within the United Brotherhood or any subordinate body thereof. On April 28, 1960, the District Council, without prior notice to plaintiff, amended the decision of the International President to include a prohibition against plaintiff's attendance at any meetings of the Local during the five-year probationary period. Plaintiff appealed to the General Executive Board of the International Body from the decision of the International President on April 29, 1960, and from the District Council's amendment on May 18, 1960. On August 30, 1960, the General Executive Board dismissed plaintiff's appeal from the decision of the International President, and on December 20, 1960, dismissed his appeal from the District Council's amendment. On January 14, 1961, plaintiff appealed to the General Convention of the International Body from the action of the General Executive Board. No action has yet been taken on the appeal.

It is thus undisputed that the original expulsion of the plaintiff from member-

1. We also granted a motion under Rule 12(b) (5) of Local Union No. 8 to the limited extent only that service of process was set aside. Service has now been validly effected.

2. A third question which was raised has been removed from consideration by a stipulation adding an express averment to the amended complaint that the District Council is a labor organization within the meaning of the Act.

ship in the Union occurred prior to the effective date of the Act, but all the appellate proceedings which resulted in modification of the original decision and the District Council's amendment occurred after the Act became effective.

■ The governing principle that legislation is to be deemed prospective rather than retrospective[3] has by now become firmly established in cases dealing with the Landrum-Griffin Act.[4] Plaintiff's expulsion from membership in the Union therefore was not subject to any of the requirements of the Act. As we read the amended complaint it does not allege any violation of the provisions of the Act in the appellate proceedings which occurred after the effective date of the Act. But in any event, the Act was not intended to apply to such matters, forming as they do the subsequent procedure in a case which had already been decided in the first instance before the effective date of the Act. In Lankford v. International Brotherhood of Electrical Workers, 196 F.Supp. 661 (N.D.Ala. 1960), aff'd 293 F.2d 928 (5th Cir. 1961), cert. denied, 368 U.S. 1004, 82 S.Ct. 625, 7 L.Ed.2d 543 (1962), a member claimed wrongful expulsion from his Union and appealed to the International Union shortly before the effective date of the Act. Some time after the Act went into effect the expulsion was affirmed. It was held that the statute did not apply to the proceedings. See also Rappaport v. International Asso. of Machinists, 202 F.Supp. 235 (N.D.Ill.1962).

There remains for consideration the modification order entered after the appellate decisions. The District Council, which may be likened to a trial court, was not content with its decision, made prior to the effective date of the Act, as it had been thereafter modified on appeal. Instead, after the Act was in effect the District Council amended the International President's decision which had placed the plaintiff on probation for five years and had prohibited him from serving as an officer, delegate or committeeman, by adding a new prohibition against his attendance at any meetings of the Local during the five-year probationary period. This was a fresh act of discipline within the meaning of § 101(a) (5) of the Act. It is one thing to allow a decision against a member made prior to the Act to be reviewed on appeal, and something quite different to permit an additional penalty to be imposed by the trial tribunal after appellate review is concluded. In the former case, review permits the member to seek relief from the punishment ordered; in the latter case, a new punishment is decreed. Put in an extreme illustration, if on appeal the original decision had been completely reversed, it can hardly be doubted that a new order of expulsion made by the original tribunal without notice to the member would plainly flout the Act.

■ The purpose of the Bill of Rights provision is to guarantee to Union members the right to notice and an opportunity to be heard before any disciplinary action is taken against them. A new disciplinary penalty is not, as in the appellate proceedings, an affirmance of what was originally done or some amelioration of it. It is, on the contrary, the imposition of an additional punishment and therefore a disciplinary act. Since it was done after the statute became effective it

3. See Claridge Apartments Co. v. Comm'r., 323 U.S. 141, 164, 65 S.Ct. 172, 89 L.Ed. 139 (1944); Pittsburgh Hotels Asso., Inc. v. Urban Redevelopment Authority of Pittsburgh, 309 F.2d 186, 190 (3d Cir., 1962).

4. Rappaport v. International Asso. of Machinists, 202 F.Supp. 235 (N.D.Ill.1962); Lankford v. International Brotherhood of Electrical Workers, 196 F.Supp. 661 (N. D.Ala.1960), aff'd 293 F.2d 928 (5th Cir., 1961), cert. denied 368 U.S. 1004, 82 S. Ct. 625, 7 L.Ed.2d 543 (1962); Durandetti v. Chrysler Corp., 195 F.Supp. 653, 656 (E.D.Mich.1961); Robertson v. Banana Handlers International Longshoremen's Asso., 183 F.Supp. 423 (E.D.La. 1960); Highway Truck Drivers and Helpers Local 107 v. Cohen, 182 F.Supp. 608 (E.D.Pa.1960), aff'd 284 F.2d 162 (3d Cir., 1960), cert. denied, 365 U.S. 833, 81 S.Ct. 747, 5 L.Ed.2d 744 (1961); Smith v. General Truck Drivers, 181 F.Supp. 14, 18 (S.D.Cal.1960).

must pass the scrutiny of those safeguards which the Act has established.

We hold, therefore, that the complaint establishes a cause of action over which we have jurisdiction.

The objection that the International President, the International Organization and its Executive Board are indispensable parties is not well-founded. There is no allegation that any of them violated either the Act or the Constitution and By-Laws of the Union. No relief is sought against any of them. The relief which plaintiff seeks may be afforded him by an order against the two defendants who have been named. Hence there is no lack of an indispensable party. See 2 Barron and Holtzoff, Federal Practice & Procedure (Rev. ed.) § 512, p. 94 et seq.

The motion to dismiss must therefore be denied.