**Ralph KNOX, Plaintiff,**

v.

**INTERNATIONAL UNION, UNITED AUTOMOBILE, AIRCRAFT AND AGRICULTURE IMPLEMENT WORKERS OF AMERICA, and Local 900, United Automobile, Aircraft, and Agriculture Implement Workers of America, Defendants.**

**Civ. A. No. 22736.**

United States District Court
E. D. Michigan, S. D.
Nov. 27, 1963.

**1010**

Larry S. Davidow, Davidow & Davidow, Detroit, Mich., for plaintiff.

Harold A. Cranefield, Robert S. Rosenfeld, Detroit, Mich., for defendants.

LEVIN, Chief Judge.

Plaintiff brings an action for damages and injunctive relief under Title 1 of the Landrum-Griffin Act, 29 U.S.C. § 412, effective September 14, 1959. The defendants move to dismiss because the complaint fails to state a claim upon which relief can be granted and, in the alternative, because the court lacks jurisdiction over the subject matter.

Plaintiff, an employee of Ford Motor Company, was suspended from the defendant union in 1953. He alleges that this dismissal was improper and that he is therefore entitled under 29 U.S.C. § 411(a) (5) to the restoration of all the privileges, benefits, and rights of a member in good standing of the defendant union and to damages for injuries sustained since 1953 because of the union's suspension of his membership.

In Durandetti v. Chrysler Corporation, D.C., 195 F.Supp. 653, 656, this court held that the Landrum-Griffin Act does not apply to events occurring prior to the effective date of that statute. Under the rule set out in that case, the suspension of the plaintiff from the defendant union in 1953 is not a violation of 29 U.S.C. § 411(5). See also Krulikowsky v. Metropolitan District Council of Philadelphia and Vicinity, D.C., 212 F.Supp. 338, 340, and Lankford v. International Brotherhood of Electrical Workers, D.C., 196 F.Supp. 661, affirmed 5 Cir., 293 F.2d 928, cert. den. 368 U.S. 1004, 82 S.Ct. 625, 7 L.Ed.2d 543.

Plaintiff further asserts that he is still a member of the defendant union and entitled to membership rights under 29 U.S.C. § 411(a) (1) because his employer has continued, since his suspension, to deduct union dues from his wages and forward them to the defendant union. However, the complaint does not allege any wrongdoing on the part of Ford. Indeed, 29 U.S.C. § 186(c) (4) dictates that a voluntary written authorization by the employee empowering his employer to deduct union dues from his wages be

executed before such deductions may be made.   Deductions made in the absence of such authorization are illegal, and it is a fair inference that Ford was authorized by the plaintiff to deduct union dues from his wages and pay over such dues to the union.

However, the voluntary paying of dues by the plaintiff to the defendant union does not ipso facto give him the privileges of membership.   The complaint identifies no legal obligation of the defendants, enforceable by this court, to treat plaintiff as a member of the union merely because he pays dues.

The plaintiff further asserts that the defendant union has not fairly represented him and by failing to do so has caused him to suffer pecuniary damages. Taking this allegation as true, the case would be one of exclusive jurisdiction of the National Labor Relations Board. Miranda Fuel Company, 140 N.L.R.B. No. 7, 57 L.R.R.M. 1584.

An order is being entered dismissing the complaint with prejudice but without costs.