**Arnett BANKS, Plaintiff,**

v.

**LOCAL UNION 136, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, an affiliate of AFL–CIO, Defendant.**

**Civ. A. No. 67–598.**

United States District Court
N. D. Alabama, S. D.

Feb. 9, 1968.

Oscar W. Adams, Jr., Birmingham, Ala., and Jack Greenberg and Robert Belton and Gabrielle Kirk, New York City, for plaintiff.

N. Daniel Rogers, Jr., of Corretti, Newsom & Rogers, Birmingham, Ala., for defendant.

OPINION

GROOMS, District Judge.

This is a suit under Title VII of the Civil Rights Act of 1964.[1]

On April 26, 1965, the plaintiff, Arnett Banks, filed an application with the defendant, Local Union 136, International Brotherhood of Electrical Workers, an affiliate of AFL-CIO (hereinafter referred to as "Local 136"), seeking membership therein as a Journeyman Wireman, or what is known within the union as

---

1. 42 U.S.C., Sec. 2000e et seq. The provisions governing the filing of a charge before the Equal Employment Opportunity Commission and in the courts are set forth in Section 706 of the Act and will be referred to by such section in this opinion. The provision governing the effective date is set forth in Section 716 of said Act and will be referred to by such section in this opinion.

"Inside Wireman". On May 8, 1965, Local 136 considered and rejected the said application for membership of said Arnett Banks.

During the week subsequent to May 8, 1965, Arnett Banks was informed, upon inquiry, that his application for membership in Local 136 had been rejected, and to pick up his application fee. (The application fee had been paid by Arnett Banks to Local 136 at the time of the filing of same, as required by the Constitution of the International Brotherhood of Electrical Workers and the By-Laws of Local 136). At a later date, Arnett Banks again inquired of Local 136 as to the acceptance or rejection of his application for membership therein and was informed, for the second time, that his application for membership therein had been rejected.

On March 9, 1966, Arnett Banks filed a written charge with the Equal Employment Opportunity Commission alleging that Local 136 discriminated against him by denying him membership in said Local 136 because he was a Negro.

On September 19, 1966, a copy of said charge was served upon Local 136, and thereafter on April 12, 1967, the Commission determined that there was reasonable cause to believe that the Act had been violated and so advised the plaintiff in writing; thereafter, suit was commenced by the plaintiff.

On November 2, 1967, the plaintiff, Arnett Banks, filed this suit which seeks a declaratory judgment and an injunction enjoining Local 136 from engaging in discriminatory practices in violation of Title VII of the Civil Rights Act of 1964. The defendant filed a Motion to Dismiss and a Motion for Summary Judgment. The Court, after several conferences with the attorneys for the plaintiff and the defendant, and a pretrial conference, overruled the Motion to Dismiss and set this matter to be heard on January 31, 1968, at which time all parties were present and the proceedings were had.

This case involves two critical questions: (1) May a person bring a civil action under Title VII of the Civil Rights Act of 1964 when the alleged unlawful employment practice occurred prior to July 2, 1965, its effective date? (2) Must an aggrieved party file a charge in writing, under oath, within 90 days after the alleged unlawful employment pratice occurred?

■ The Court has devoted the most careful and studied consideration to the resolution of this case and these issues. It has in this study had the advantage of complete and exhaustive briefs, both original and supplemental; the issues have been argued as well; testimony has been taken ore tenus and evidence presented by both plaintiff and defendant, and the Court has independently researched all available, pertinent material. Having done so, the Court is convinced that the wrong, if any, committed against the plaintiff, and of which he complains, accrued before July 2, 1965, the effective date of Title VII. Since Title VII was not effective at the time the wrong, if any, accrued, this Court has no jurisdiction over the action.[2]

■ It is further the opinion of this Court that it was intended by Congress to be, and it is a jurisdictional prerequisite to the institution of a civil action under Title VII that an aggrieved person must file a charge, in writing, under oath, within 90 days after the alleged unlawful employment practice occurred.[3]

■ The Court is convinced and the evidence is clear that the plaintiff, Arnett Banks, did not file a written charge, under oath, within 90 days after the alleged unlawful employment practice occurred as required by Section 706(d).

This is the only conclusion which could be reached consistent with the Congres-

2. Lankford v. International Brotherhood of Electrical Workers, D.C., 196 F.Supp. 661, 293 F.2d 928 (5th Cir., 1961). See also, Title VII, Section 716(a) and (b).

3. Mickel v. South Carolina State Employment Service, 377 F.2d 239, p. 241.

sional intent, for the legislative history establishes conclusively, and without doubt that this was intended to be a jurisdictional prerequisite to suit.

On June 4, 1964, Senator Hubert H. Humphrey, in explanation of Title VII of the Civil Rights Act of 1964, and particularly Section 706(d), stated in the Senate:

"* * * Section 706(d) establishes a 90-day period of limitation on the filing of a charge, with appropriate provisions to extend the period in the situation in which prior resort is had to a State agency. Moreover, Section 706(d) is carefully worded to protect an individual who, in good faith, unnecessarily seeks to comply with the requirement of initial resort to State or local authority. Such a person will not lose his right to seek Federal relief simply because the 90-day period for filing with the Federal Commission has elapsed while he seeks to pursue State remedies." [4]

This was reiterated by Senator Everett Dirksen on June 5, 1964, in explanation of changes made by the Senate in the House bill, with particular reference to Section 706(d):

"New Subsection (d) requires that a charge must be filed with the Commission within 90 days after the alleged unlawful employment practice occurred, except that if the person aggrieved follows State or local procedures in Subsection (b), he may file the charge within 210 days after the alleged practice occurred or within 30 days after receiving notice that the State or local proceedings have been terminated, whichever is earlier. The additional 120 days is to allow him to pursue his remedy by State or local proceedings. * * *" [5]

The changes made by the Senate in the House bill were subsequently accepted by the House.

It should be noted that Alabama does not have a civil rights law as contemplated in Section 706(b).

In Choate v. Caterpillar Tractor Co., 274 F.Supp. 776 (S.D.Ill.) it was stated as follows:

"The plain language of the statute requires it, as does the established principle that statutes creative of remedies not known to the common law are to be strictly construed. Cf. e. g., Matheny v. Porter, 10 Cir., 158 F.2d 478, 479; Atlantic Coast Line R. Co. v. United States, M.D.Fla., 213 F.Supp. 199, 204, 205. Under such a statute the right of action itself is conditioned upon strict compliance with all conditions imposed by the statute as a basis for assertion of a right of redress by resort to court processes."

It is, therefore, the opinion of the Court that the defendant's Motion for Summary Judgment should be overruled, that the plaintiff's Motion for Preliminary Injunction should be overruled, and that a judgment should be entered for the defendant.

---

4. 11 Cong.Rec. 12297.

5. Ibid. 12383.