Ralph BANKS, Willie C. Beeks, Kendrick Chamberlain, Robert L. Evans, Marion E. Franks, Charles W. Hill, Theodore R. Ramsey, Lincoln Woods, Jr., Plaintiffs,

v.

**LOCKHEED–GEORGIA COMPANY,**
Marietta, Georgia,

and

Local 709, International Association of Machinists and Aerospace Workers AFL–CIO, Marietta, Georgia, Defendants.

**Civ. A. No. 11675.**

United States District Court
N. D. Georgia,
Atlanta Division.
June 12, 1968.

Isabel Gates Webster, Atlanta, Ga., Matthew Perry, Columbia, S. C., for plaintiff.

Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Adair, Goldthwaite, Stanford & Daniel, Atlanta, Ga., for defendant.

LEWIS R. MORGAN, District Judge.

The defendants in the above-styled action have submitted motions for determination by the Court.

Defendant Lockheed-Georgia Company moves the Court to dismiss the class action as to persons other than the parties plaintiff. The defendant Lockheed-Georgia Company hereafter called Lockheed, claims that the complaint fails to show any basis for maintenance of a class action under Rule 23 of the Federal Rules of Civil Procedure and claims that the class action claim against it was mooted by the conciliation agreements it entered into with some of its aggrieved employees. As to Lockheed's claim that the complaint fails to show any basis for maintenance of a class action, it is well accepted that pleadings in the federal practice must be liberally construed. Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959). To dismiss the action for insufficiency of the complaint, it must appear beyond doubt that if the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Conley v. Gibson, 353 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Under Rule 23 of the Federal Rules of Civil Procedure, plaintiffs, in order to bring a class action, are required to meet all the conditions set forth in Rule 23(a) and any one of the three alternative conditions set forth in Rule 23(b). The Court is of the opinion that the requirements have been met by the plaintiffs in all the conditions of Rule 23(a) and also in the condition in Rule 23(b) (2). Racial discrimination suits in general and Title VII of the Civil Rights Act of 1964 in particular have been recognized in the great majority of cases as appropriate for class actions. Hall v. Werthan Bag Corp., 251 F.Supp. 184 (M.D.Tenn. 1966); Moody v. Albemarle Paper Co., 271 F.Supp. 27 (E.D.N.C.1967); Quarles v. Philip Morris, 271 F.Supp. 842 (E.D.Va.1967); Bowe v. Colgate-Palmolive Co., 272 F.Supp. 332 (S.D. Ind.1967). The claim of Lockheed that the class action claim against it was mooted by the conciliation agreements is not well taken because it is inconsistent with Rule 23(e) of the Federal Rules of Civil Procedure which provides that:

A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs.

For the above reasons, Lockheed's motion to dismiss the class action as to persons other than the parties plaintiff is denied.

The Court hereby orders, on Lockheed's motion for an order under Rule 23(c) (1), that the class in whose behalf the plaintiffs are entitled to maintain the action is and includes all Negro employees and Negro applicants for employment of the Lockheed-Georgia Company; and the questions of law or fact

which are common to, and are to be determined with respect to, each such class is: Did Lockheed maintain a policy, practice, custom, and usage of depriving them and other Negroes, similarly situated, of equal employment opportunities solely because of their race?

Defendant Local 709 of the International Association of Machinists and Aerospace Workers, AFL–CIO, hereafter called Local 709, moves the Court to strike Paragraph III–C of the complaint or in the alternative to dismiss the complaint as to the defendant Local 709. There are four grounds upon which Local 709 bases its motion.

■ The claim of Local 709 that the action was not timely commenced is not well taken because one isolated incident is not being challenged but rather an entire allegedly discriminatory system. In such a situation there is an alleged continual violation; therefore, filing within a specified time is not required to bring the action before this Court.

Local 709's claim that the complaint against it has been mooted by conciliation agreements also is not well taken because such a result would be inconsistent with Rule 23(e) of the Federal Rules of Civil Procedure, supra.

■ In Local 709's third ground, it contends that to assign membership on the committee governing the Buck-of-the-Month Club on the basis of race would be in violation of 42 U.S.C. § 2000e–2 and would require preferential treatment to a group of employees on the basis of race. Such a contention is not well taken because the plaintiffs have not asked for proportional representation on the basis of race on the committee, but have merely alleged that plaintiff Evans and other Negro employees have been denied equal benefits from participation in the Club and that Negroes are systematically excluded from membership in the committee governing the Club.

■ The complaint is not deficient because of the mere failure to specifically allege intentional discrimination as Local 709 claims as its fourth ground because the Court may assume that Local 709 intended the natural consequences of the alleged discriminatory operation of the Buck-of-the-Month Club.

For the foregoing reasons, Local 709's motion to strike or dismiss is denied.

It is so ordered.