**Gerald W. McCARTY, Walter B. Ash, on behalf of themselves and all others similarly situated, Plaintiffs,**

v.

**The BOEING COMPANY, Defendant.**

**No. 8581.**

United States District Court,
W. D. Washington,
at Seattle.

Nov. 20, 1970.

O. J. Humphrey, III of Stern, Gayton, Neubauer & Brucker, Seattle, Wash., for plaintiffs.

H. Weston Foss and J. David Andrews of Perkins, Coie, Stone, Olsen & Williams, Seattle, Wash., for defendant.

## MEMORANDUM OF DECISION

BEEKS, District Judge.

This action is premised upon an alleged violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., with respect to Boeing's Employee Retirement Plan as it existed from January 1, 1966 until January 1, 1969. Specifically, the plaintiffs, two retired employees of Boeing, allege that payments under said plan impermissibly discriminate against them on the basis of sex. The threshold question presented is whether this court has jurisdiction.

For jurisdiction to exist, there must have been compliance with the statutory prerequisites of 42 U.S.C. § 2000e-5, one of which is that plaintiffs must have filed their charge of unlawful employment practices with the Equal Economic Opportunity Commission (herein EEOC) within ninety days after the alleged discriminatory acts occurred.

■ The undisputed facts indicate that McCarty retired on March 1, 1966 and thereafter began receiving the allegedly discriminatory payments, but did not file a charge with the EEOC until February 7, 1967. Similarly, Ash retired on July 1, 1966, began receiving payments, but did not file a charge until March 5, 1969. Neither plaintiff, therefore, filed within ninety days from the date the allegedly discriminatory act commenced. They attempt to excuse their delay, however, by contending that said act was of a continuing nature and, therefore, a charge could be filed anytime within ninety days of receipt of their last payment.

■ The Court is of the opinion that such acts were not continuing in nature and plaintiffs' charge with the EEOC was not timely filed. To hold otherwise would disregard the purpose of the statutory limitation, namely, to protect persons from being surprised through revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.[1] If such acts as here involved are continuing, then aggrieved persons could well assert their claim fifteen, twenty, or thirty years hence. At that time it would be difficult to reconstruct the justifying rationale of such a retirement program. It is for this reason that statutes of limitation are, and should be strictly followed.[2]

Accordingly, this Court is without jurisdiction.

Defendant shall present a decree in accordance herewith.

1. Order of R.R. Telegraphers v. Railway Express Agency, 321 U.S. 342, 348-349, 64 S.Ct. 582, 88 L.Ed. 788, 792 (1944).

2. See Kavanagh v. Noble, 332 U.S. 535, 539, 68 S.Ct. 235, 92 L.Ed. 150, 153 (1947).