Mrs. Lois **MIXSON**

v.

**SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY et al.**

**Civ. A. No. 11443.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Dec. 1, 1971.

Beryl H. Weiner, Rick S. Sexton, Rose M. Higby, Atlanta, Ga., for plaintiff.

Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Atlanta, Ga., for defendants.

## ORDER

EDENFIELD, District Judge.

Plaintiff in this Title VII case alleges that defendants have maintained an employment practice which violates the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2(a) (1970). More specifically, she says that defendants have denied her an annuity benefit on the basis of provisions in their pension plan which discriminate against her spouse and male employees as a class because of their sex. She claims that defendants denied her the annuity because they said her husband, who was employed by defendant Southern Bell when he died, was 59 years and 10 months old when he died and had not reached retirement age which is fixed under the pension plan at 60 years for males and 55 years for females. The matter is now before the court on:

(1) Defendants' motion to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief could be granted;

(2) Plaintiff's motion to compel answers to interrogatories and motion for an award of expenses incurred in securing an order compelling such answers; and

(3) Defendants' motion for a protective order deferring their obligation to answer interrogatories, to which they have raised objections, pending the outcome of their motion to dismiss.

Defendants' motion to dismiss the complaint for lack of subject matter ju-

risdiction is based, first, on the proposition that plaintiff did not file her complaint with the Equal Employment Opportunity Commission ["EEOC"] within 90 days after the alleged unlawful employment practice occurred, as required by 42 U.S.C. § 2000e–5(d). They argue that the requirement of filing with the EEOC within 90 days after the occurrence of the alleged unlawful practice is a jurisdictional prerequisite to the maintenance of a civil suit in a federal district court under Title VII. They say that the employment practice which plaintiff claims is unlawful could have occurred only during the lifetime of her husband, which ended June 29, 1966. Since plaintiff did not file with the EEOC until March 20, 1968, defendants contend that a civil suit cannot be maintained in this court under 42 U.S.C. § 2000e–5(e) and (f).

A number of district courts have held that the filing of a charge with the EEOC specifically within 90 days after the occurrence of the alleged unlawful employment practice is a jurisdictional prerequisite to the maintenance of a civil suit in a federal district court under Title VII. McCarty v. Boeing Co., 321 F.Supp. 260 (W.D.Wash.1970); Tippett v. Liggett & Myers Tobacco Co., 316 F. Supp. 292 (M.D.N.C.1970); Sciaraffa v. Oxford Paper Co., 310 F.Supp. 891 (D. Me.1970); Banks v. Local Union 136, Intl. Bro. of Electrical Wk'rs, 296 F. Supp. 1188 (N.D.Ala.1968). The Fifth Circuit has not yet explicitly endorsed this position and has, in fact, cast some doubt upon its correctness. Boudreaux v. Baton Rouge Marine Contracting Co., 437 F.2d 1011, 1014–1015, n. 6 (5th Cir. 1971).

But even if the 90-day filing requirement is a jurisdictional prerequisite, it does not automatically apply in every case. For example, if an employee chooses to invoke his contractual grievance remedies immediately after the occurrence of the alleged unlawful employment practice and the grievance procedures take longer than 90 days, the limitations period for filing with the EEOC is tolled and a federal district court has jurisdiction over a subsequent civil suit. Hutchings v. United States Industries, Inc., 428 F.2d 303 (5th Cir. 1970); Culpepper v. Reynolds Metals Co., 421 F.2d 888 (5th Cir. 1970). Again, and more pertinent for present purposes, if the alleged unlawful employment practice is continuous in nature, the 90-day limitations period for filing with the EEOC does not apply since there is no single date after which the period might begin to run. Cox v. United States Gypsum Co., 409 F.2d 289 (7th Cir. 1969); Tippett v. Liggett & Myers Tobacco Co., supra; Sciaraffa v. Oxford Paper Co., supra; King v. Georgia Power Co., 295 F. Supp. 943 (N.D.Ga.1968). See Banks v. Lockheed-Georgia Co., 46 F.R.D. 442 (N.D.Ga.1968).

In the instant case, plaintiff's allegations, which the court must accept as proven on a motion to dismiss, are that defendants' pension plan was in force both at the time her husband died and at the time she instituted this action, and that it continues to violate the Civil Rights Act of 1964 by denying her certain benefits purely because of the sex of her husband. The EEOC, in its decision in this case, characterized the date of the alleged unlawful employment practice maintained by defendants as "continuing." Mixson v. Southern Bell Telephone & Telegraph Co., Case No. YAT9–127 (EEOC, April 8, 1971). The EEOC also noted that Southern Bell had been challenged on this very same employment practice in 1966 and that the EEOC had held in 1969 that this practice of Southern Bell was unlawful. In its decision in Mrs. Mixson's case the EEOC held that there is reasonable cause to believe that Southern Bell "has engaged and continues to engage" in an unlawful employment practice. Mixson v. Southern Bell, supra, at 6.

This court is of the opinion that in this case the challenged employment practice allegedly maintained by defendants is continuous in nature. The 90-day limitations period for filing a charge with the EEOC therefore did not

apply to Mrs. Mixson and does not bar this court from assuming jurisdiction over this civil suit. Having determined that the complaint alleges grounds sufficient for this court to acquire subject matter jurisdiction, the court need not discuss the other jurisdictional bases asserted in the complaint which defendants challenge.

Defendants also contend that the complaint fails to state a claim upon which relief can be granted. As Chief Judge Brown continues to remind us, the Fifth Circuit has

"* * * stated, explained, reiterated, stressed, rephrased, and emphasized one simple, long-established, well-publicized rule of Federal practice: a motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would not be entitled to recover under any state of facts which could be proved in support of his claim." Cook & Nichol, Inc. v. Plimsoll Club, 451 F.2d 505 (5th Cir. Sept. 28, 1971).

█ It is abundantly clear in the instant case that the allegations of the complaint, if proven, state a claim upon which this court could grant relief under the Civil Rights Act of 1964. Indeed, as already noted, the EEOC has determined that there is reasonable cause to believe that defendants have maintained and continue to maintain an unlawful employment practice. Having determined that at least one of the counts of the complaint sufficiently states a claim for relief, the court need not determine the sufficiency of the other counts which defendants challenge. Cook & Nichol v. Plimsoll Club, *supra*; Rule 8(e) (2), Fed.R.Civ.P.

Since the court has ruled adversely on defendants' motion to dismiss, their motion for a protective order deferring their obligation to answer interrogatories is moot and will be denied.

█ There remain plaintiff's motion for an order to compel defendants to answer certain interrogatories, defendants' objections to those interrogatories, and plaintiff's motion for an award of expenses incurred in securing an order compelling discovery. Under Rule 37(a) (4), Fed.R.Civ.P., an award of expenses for securing an order compelling discovery may be granted only after an opportunity for hearing has been given to the allegedly recalcitrant party. The court will therefore order a hearing on the entire discovery question and deny plaintiff's motions without prejudice to their renewal at that hearing.