Mary **HILL–VINCENT**, Plaintiff,

v.

Elliot **L. RICHARDSON**, Secretary, Department of Health, Education and Welfare, Defendant.

No. 72 C 2572.

United States District Court,
N. D. Illinois, E. D.

April 16, 1973.

Bertram R. Meyers, Abt & Meyers, Chicago, Ill., for plaintiff.

S. R. Waxman and A. Kanter, Asst. U. S. Attys., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

McLAREN, District Judge.

This matter arises upon the filing of the magistrate's report and recommendation that this cause be dismissed. For the reasons set forth below, the recommendation will be adopted in part.

The complaint alleges that plaintiff was discharged from her job by defendant Department of Health, Education and Welfare ("HEW") because of her race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Constitution.

The government argued for dismissal of the Title VII claim, Count I, and the magistrate agreed, that plaintiff has no claim under either the 1964 act or the Equal Employment Opportunity Act of 1972. Agencies of the United States were clearly exempted from the operation of Title VII as originally enacted, 42 U.S.C. § 2000e(b) and (c). Section 2000e–16, Title 42 U.S.C., is also, as the magistrate recommends, of no assistance to plaintiff. Although that section creates a new claim for federal employees, § 2000e–16(c), the allegedly discriminatory discharge in this case is claimed to have occurred prior to the effective date of the new statute, and therefore cannot be the basis of a claim. *Cf.*, Nishiyama v. North American Rockwell Corp., 49 F.R.D. 288, 292 (C.D.Cal.1970); Banks v. Local 136, IBEW, 296 F.Supp. 1188, 1189 (N.D. Ala.1968). The limited retroactivity provided by § 14 of the 1972 Act, Pub.L. 92–261, "[t]he amendments made by this Act to Section 706 of the Civil Rights Act of 1964 shall be applicable with respect to charges pending with the Commission on the date of enactment of this Act . . .", does not give plaintiff a claim for alleged discrimination prior to the effective date because of her proceedings before the Civil Service Commission. The Court need not examine the government's argument and the magistrate's recommendation that "the Commission" can only refer to the Equal Employment Opportunity Commission. There is a much simpler explanation. Section 2000e–16 is not an amendment to § 706 (42 U.S.C. § 2000e–5); it is a new section. The Court thus agrees with the magistrate's conclusion that Count I fails to state a claim.

The magistrate's report and recommendation fails to discuss plaintiff's constitutional claim in Count II. His recommendation of dismissal is presumably based upon the government's argument that the count fails to allege any jurisdictional basis and is therefore barred by the doctrine of sovereign immunity. If facts giving the Court jurisdiction have been set forth, the statutory provision conferring jurisdiction need not be specifically pleaded. Williams v. United States, 405 F.2d 951, 954 (9th Cir. 1969). Count II alleges that plaintiff's discharge from employment was based upon racial discrimination, depriving her of rights guaranteed under the Constitution (presumably the Fifth Amendment), and that the matter in controversy exceeds the sum of $10,000, exclusive of interests and costs. The Court thus has jurisdiction of Count II under 28 U.S.C. § 1331. Gautreaux v. Romney, 448 F.2d 731, 735 (7th Cir. 1971).

Accordingly, the motion to dismiss is hereby granted as to Count I and denied as to Count II.

It is so ordered.