Ruby STRINGFIELD, for herself, and for and in behalf of Harold P. Lane, Earl Sutton, Barry M. Burkhart, Travis Fulks, James Huff, Joe Hyatt, George M. Brock, Richard L. Johnson, Donald Peltier, Darrel Stringfield, Richard F. Tapia, Paul Dyer, Thornton Greene, Orville D. Leach, Curtis C. Coffee, Harrison H. Holder, Frank Schoen, Philip H. Rouleau, Roy M. Harris, M. A. Satterfield, H. Newsome, William L. Griffin, and all other hourly rated employees in the Detroit plant of the United States Rubber Company, a New Jersey corporation transacting business in Michigan, who are now on lay-off as a class, Plaintiffs,

v.

INTERNATIONAL UNION OF UNITED RUBBER, CORK, LINOLEUM AND PLASTIC WORKERS OF AMERICA, and Local 101, United Rubber, Cork, Linoleum and Plastic Workers of America, Defendants.

Civ. A. No. 19019.

United States District Court
E. D. Michigan, S. D.

Aug. 27, 1959.

Dee Edwards, Detroit, Mich., for plaintiffs.

Theodore Sachs, Roth, Marston, Mazey, Sachs & O'Connell, Detroit, Mich., for defendants.

LEVIN, Chief Judge.

This motion of the defendants to dismiss the complaint and the amended complaint is brought upon the grounds that the complaint and amended complaint fail to state a claim upon which relief can be founded; that the plaintiffs have failed to exhaust their remedies under the collective bargaining agreements and their internal remedies within the union; that the matters pleaded are within the exclusive jurisdiction of the National Labor Relations Board; that the action is not brought on behalf of a proper class; and that the plaintiffs have failed to join the United States Rubber Company as an indispensable party defendant.

It appears to this Court that the plaintiffs have not exhausted either their extra-judicial remedies under the subject collective bargaining agreements, Anson v. Hiram Walker & Sons, Inc., 7 Cir., 1955, 222 F.2d 100, Cortez v. Ford Motor Company, 1957, 349 Mich. 108, 84 N.W. 2d 523, or their extra-judicial remedies provided by the union constitution. Anson v. Hiram Walker & Sons, Inc., 7 Cir., 1955, 222 F.2d 100; Sewell v. Detroit Electrical Contractors Ass'n, 1956, 345 Mich. 93, 75 N.W.2d 845; Martin v. Favell, 1955, 344 Mich. 215, 73 N.W.2d 856; Zdero v. Briggs, 1953, 338 Mich. 549, 61 N.W.2d 615; Mayo v. Great Lakes Greyhound Lines, 1952, 333 Mich. 205, 52 N.W.2d 665; Hartley v. Brotherhood, etc., 1938, 283 Mich. 201, 277 N.W. 885; Ryan v. N. Y. C. R. R. Co., 1934, 267 Mich. 202, 255 N.W. 365. Therefore, there is no matured, justiciable controversy under the Declaratory Judgment Act. 28 U.S.C.A. § 2201. California Ass'n of Employers v. Building and Construction Trades Council of Reno, Nev.,

9 Cir., 1949, 178 F.2d 175; 15 Cy.Fed. Procedure (3d Ed.) Sec. 90.61 (p. 867), and Sec. 90.34 (p. 838).

In addition, the amended complaint is "barren of any allegations from which the existence of any hostile discrimination may reasonably be inferred." Berman v. National Maritime Union, D.C. S.D.N.Y.1958, 166 F.Supp. 327, 332; Ford Motor Co. v. Huffman, 1953, 345 U.S. 330, 73 S.Ct. 681, 97 L.Ed. 1048; Steel v. Louisville and Nashville R. R. Co., 1944, 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173; Ostrofsky v. United Steelworkers, D.C.Md.1959, 171 F.Supp. 782.

The motion to dismiss is granted.