David R. JOHNSON, Edward L. Sirovy, Mark B. Ruiz, Donald Olson, and all other persons who are employees of Archer-Daniels-Midland Company, and similarly situated, Plaintiffs,

v.

UNITED MINE WORKERS OF AMERICA, DISTRICT 50; Walter Brock, individually and as an officer and agent of said United Mine Workers of America, District 50; Local Union No. 12106, United Mine Workers of America, John Koniar, Homer Meyer and Irvin C. Brimwall individually and as officers and agents of said Local Union No. 12106, and each of them; and all other persons and parties acting in concert with or as agents or representatives of the named Unions, and each of them; and Archer-Daniels-Midland Company, a Delaware Corporation, Defendants.

No. 4–60–Civ.–237.

United States District Court
D. Minnesota.
Fourth Division.
Sept. 2, 1960.

A. L. Hoedeman, Minneapolis, Minn., for plaintiffs.

Loring M. Staples and W. James Fitzmaurice, Minneapolis, Minn., for defendant Archer-Daniels-Midland Co.

Hyman Edelman, Minneapolis, Minn., for defendants other than Archer-Daniels-Midland Co.

DEVITT, District Judge.

A motion for preliminary injunction brought by several employees of the Archer-Daniels-Midland Company against the Company and District 50 of the United Mine Workers and one of its officers to enjoin ADM from paying out some $400,000 in severance pay benefits to some, but not all, of the employees of ADM's linseed oil plant was heard on August 25, 1960. The defendants move for a dismissal of the action. Arguments were heard and briefs filed.

The Court is satisfied that the action should be dismissed because the Court lacks jurisdiction.

Federal courts have limited jurisdiction, and precedent to determination of a controversy is a finding that ground for jurisdiction exists. It doesn't here. There is no diversity between the parties. There is no question arising under the Constitution. It does not appear that jurisdiction can be founded on any provision of the Labor Management Relations Act of 1947 as amended, 29 U.S.C. A. § 141 et seq.

Plaintiffs, in their brief, claim that jurisdiction can be based on The Bill of Rights provisions of the Labor-Management Reporting & Disclosure Act of 1959, 29 U.S.C.A. § 401 et seq. At first blush, a reading of Sec. 412 of the law would leave that impression. But examining the other provisions of the law, Sec. 411(a) (4), requiring Union members to first exhaust reasonable remedial procedures within the Union before bringing legal action, and appreciating the well-established general principle which requires litigants to exhaust administrative remedies before bringing legal actions, see headnotes 10–12 in Judge Yankwich's opinion in Smith v. General Truck Drivers, Etc., Union Local 467, D. C., 181 F.Supp. 14, makes it clear that jurisdiction cannot be grounded, on the present showing, on that statute.

It is also contended, and maybe with some merit, that the provisions of the Norris-LaGuardia Act, 29 U.S.C.A. §

101 et seq. prohibit injunctive relief in a case of this kind on the theory that it is "a labor dispute."[1]

The motion to dismiss is granted.