Quinta M. DURANDETTI, Charles Bunton, Thomas A. Haycraft and George L. Slappey, Plaintiffs,

v.

CHRYSLER CORPORATION, a foreign corporation, International Union, United Automobile, Aircraft and Agricultural Implement Workers of America, affiliated with the Congress of Industrial Organizations (UAW–CIO), a voluntary unincorporated association, Local No. 227 (UAW–CIO), a voluntary unincorporated association, and Syl Sumeracki, jointly and severally, Defendants.

Civ. A. No. 18967.

United States District Court
E. D. Michigan, S. D.
June 30, 1961.

**654**

Theodore G. Albert, Wisok, Albert & Giglio, Detroit, Mich., for plaintiffs.

Daniel J. Tindall, Jr., Dickinson, Wright, McKean & Cudlip, Detroit, Mich., Kelley, Drye, Newhall & Maginnes, New York City, of counsel, for defendant Chrysler Corp.

Harold A. Cranefield, Redmond H. Roche, Jr., Gordon A. Gregory, Detroit, Mich., for defendants International Union, UAW, Local 227, and Syl Sumeracki.

LEVIN, Chief Judge.

This motion to dismiss asserts that the complaint and amended complaint fail to establish diversity of citizenship of the parties or the presence of a federal question.

The amended complaint alleges that the action " * * * is brought under the provisions of 28 U.S.C.A. Sec. 2201, as amended, being 68 Stat. 890; and 29 U.S. C.A. Sec. 157, et seq., 61 Stat. 140, et seq." The plaintiffs, citizens of the State of Michigan, initiated this action on behalf of themselves and other members of Local 227 of the International Union, United Automobile, Aircraft and Agricultural Implement Workers of America (hereinafter referred to as the International Union). The defendant Chrysler Corporation, a Delaware corporation, has its principal place of business in Michigan. The International Union and Local 227 are voluntary unincorporated associations. The defendant Sumeracki, president of Local 227, is a citizen of the State of Michigan. The complaint on its face establishes a lack of diversity of citizenship.

The plaintiffs were employed at Chrysler's DeSoto Plant and were members in good standing of Local 227 on March 27, 1957. On that date, an agreement was signed between Chrysler and the International Union and its Locals 3, 227, and 372, providing for the transfer of certain employees from the DeSoto and Dodge Main Plants to Chrysler's Trenton Plant. Only those eligible employees desiring to move to the Trenton Plant were placed on the transfer list. The plaintiffs were among those employees requesting a transfer.

The agreement stated that employees electing to transfer would be entered on the Trenton Plant seniority list in accordance with their accumulated seniority. It also provided that additional manpower for a temporary period might be needed due to non-standard operating conditions during the "break-in" period. The temporary employees were to be selected equally from the three factories, except that only the employees from DeSoto and Dodge Main who had agreed to transfer to the Trenton Plant would be considered. Such temporary employees would, for seniority purposes, be regarded as new employees of the Trenton Plant but would retain their seniority at their former establishments.

Following their transfer to the Trenton Plant, the plaintiffs were informed that, being temporary employees, they were considered "new hires" and were entitled to their accumulated seniority only at the DeSoto Plant. They allege a subsequent lay off by Chrysler and an unlawful discharge by the employer on November 22, 1957, with the consent of the International Union, Local 227, and Sumeracki.

In substance, the plaintiffs allege that, by virtue of the Labor Management Relations Act, the International Union, Local 227, and Sumeracki owed a duty of "fair

representation" to the union members with respect to the negotiation and day-to-day administration of collective bargaining agreements; that the agreement of March 27, 1957, was not submitted to a vote of Local 227 members; that the defendants fraudulently represented to the plaintiffs that they would be transferred with retention of accumulated seniority; that Sumeracki refused to process their grievances; and that they were wrongfully discharged from employment by Chrysler.

Beginning with Steele v. Louisville & Nashville Railroad Co., 1944, 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173, the Supreme Court has repeatedly ruled that an exclusive bargaining agent under the Railway Labor Act, 45 U.S.C.A. §§ 151–188, is obligated to represent all employees in the bargaining unit in a fair manner. The United States District Courts have jurisdiction to protect such employees against irrelevant, invidious, hostile, and arbitrary discrimination by the union. The discrimination practiced by a union against some members or employees has been extended beyond the racial factor in the Steele case and encompasses situations where the "hostile discrimination" involves the validity of a contract. Mount v. Grand International Brotherhood of Locomotive Engineers, 6 Cir., 1955, 226 F.2d 604, certiorari denied 1956, 350 U.S. 967, 76 S.Ct. 436, 100 L.Ed. 839.

■ This doctrine of "fair representation" has been carried over from the Railway Labor Act to the Labor Management Relations Act, apparently derived from Section 9(a) of the Act, 29 U.S.C.A. § 159(a). See Ford Motor Co. v. Huffman, 1953, 345 U.S. 330, 73 S.Ct. 681, 97 L.Ed. 1048; Syres v. Oil Workers International Union, Local No. 23, 1955, 350 U.S. 892, 76 S.Ct. 152, 100 L. Ed. 785, per curiam reversing 5 Cir., 1955, 223 F.2d 739. However, because the Railway Labor Act fails to provide administrative remedies comparable to those available under the provisions of the LMRA, Sections 8(a), 8(b), and 10 (a), 29 U.S.C.A. §§ 158(a), 158(b), and 160(a), some activities included within a breach of the "fair representation" duty under the Railway Labor Act might well fall within the exclusive jurisdiction of the National Labor Relations Board over "unfair labor practices." Only where a union, in exercising its wide range of discretion, bases its discriminatory practices upon "irrelevant" and "invidious" factors does a District Court, rather than the NLRB, have jurisdiction over the subject matter. Whitfield v. United Steelworkers of America, Local No. 2708, 5 Cir., 1959, 263 F.2d 546, certiorari denied 1959, 360 U.S. 902, 79 S.Ct. 1285, 3 L.Ed.2d 1254.

The plaintiffs in this case plead a duty of fair representation, but fail to allege a breach of that duty. However, construing the pleadings liberally, I shall consider all the plaintiffs' assertions as pertaining to the question of the breach of the duty.

■ The Constitution of the International Union states that no international representative or officer or local union officer has authority to negotiate or supplement the terms of a contract without first obtaining the approval of the local union. The collective bargaining agreement between Chrysler and the International in effect at the time of the agreement of March 27, 1957, permitted transfer of operations and employees to other plants and provided, in certain instances, for discussion between Chrysler and the International Union and Local Unions regarding the movement. In addition, the contract by Section (52) allowed local supplementary seniority agreements, subject to approval by the Central Labor Relations Department of the Corporation and the Chrysler Department of the International Union. It appears that the agreement of March 27, 1957, was designed to effectuate the national collective bargaining agreement and was not the type of agreement requiring approval of the local membership body.

■■ The alleged misrepresentations by Local 227 officials and Chrysler to the plaintiffs regarding the retention of se-

niority rights by temporary transferees to Trenton, even if true, and the alleged refusal of Sumeracki to process the grievances do not indicate any "hostile discrimination." At best, the activities might form the basis for a claim of an unfair labor practice. As this Court said in Holman v. Industrial Stamping and Manufacturing Company, D.C.E.D.Mich. 1956, 142 F.Supp. 215, at page 218:

> "Congress has vested jurisdiction to determine which activities are unfair labor practices within the meaning of the National Labor Relations Act, as amended, in the National Labor Relations Board and not in the United States District Courts. Amazon Cotton Mill Co. v. Textile Workers Union of America, 4 Cir., 1948, 167 F.2d 183.

> "Thus, the adjudication of a complaint of discrimination involving seniority rights brought about by a company's consolidation of plants, as are complaints of other types of discrimination by either a union or an employer, is within the exclusive jurisdiction of the National Labor Relations Board." [Citing cases.]

See also Adams v. International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers, and Helpers, 10 Cir., 1958, 262 F.2d 835.

The plaintiffs have, at best, stated a cause of action containing a mixture of unfair labor practices, violation of seniority rights, or breach of contract, none of which indicate "hostile discrimination" or differences based upon "irrelevant" and "invidious" factors. See Berman v. National Maritime Union, D.C.S.D.N.Y. 1958, 166 F.Supp. 327, 332.

■ In addition, the plaintiffs claim that the Labor-Management Reporting and Disclosure Act, enacted September 14, 1959, 29 U.S.C.A. § 401 et seq., permits commencement of the action in the United States District Court. However, the events in question in this case occurred in 1957, and the action was filed on March 27, 1959. That Act was designed to be prospective in nature. Robertson v. Banana Handlers International Longshoremen's Association, Local Union 1800, AFL-CIO, D.C.E.D.La.1960, 183 F. Supp. 423; Smith v. General Truck Drivers, Warehousemen and Helpers Union Local 467 of San Bernardino and Riverside Counties, D.C.S.D.Cal.1960, 181 F. Supp. 14.

■ Nor may this action be considered under Section 301 of the Labor Management Relations Act, 29 U.S.C.A. § 185. That provision is applicable where the union organization, rather than the members or employees, brings an action against the employer for violation of a contract. Holman v. Industrial Stamping and Manufacturing Company, D.C. E.D.Mich.1956, 142 F.Supp. 215.

In any event, the complaint and amended complaint fail to establish any claim against Chrysler cognizable in this Court. The allegations against Chrysler might form the basis of an unfair labor practice charge, but, as already stated, only the National Labor Relations Board has authority to examine such a charge.

■■ Perhaps it was unnecessary to have the foregoing extended discussion because it appears that this action was commenced before there was an exhaustion of procedures prescribed by Article 32 of the Constitution of the International Union for the presentation and adjudication of grievances by members against union officials. It is no excuse, as the plaintiffs allege, that it would have been futile to present their grievances to the local officers because of their "hostility" to the plaintiffs' claim. They were obliged to comply with the intraunion appeal procedures, and absent compliance, this Court lacks jurisdiction to hear the complaint. Stringfield v. International Union of United Rubber, Cork, Linoleum, and Plastic Workers of America, D.C.E.D.Mich.1959, 190 F. Supp. 380, affirmed 6 Cir., 1960, 285 F.2d 764.

The motion to dismiss is granted. An appropriate order may be presented.