**Dale C. RICHARDSON, Plaintiff,**

v.

**COMMUNICATIONS WORKERS OF AMERICA, AFL–CIO, District 7, Communications Workers of America, AFL–CIO, Local 7495, etc., et al., Defendants.**

**Civ. No. 02673.**

United States District Court
D. Nebraska.

April 25, 1967.

Dan J. Whiteside, and Craig, Coufal & Nelson, Omaha, Neb., for plaintiff.

Hird Stryker, of Fraser, Stryker, Marshall & Veach, Omaha, Neb., for defendants, Western Electric Co., Inc., and others.

Robert E. O'Connor, of Ross & O'Connor, Omaha, Neb., for all defendants except Western Electric Co., Inc.

## MEMORANDUM AND ORDER

RICHARD E. ROBINSON, Chief Judge.

This matter comes before the Court on motions to dismiss plaintiff's complaint. The motions were filed by Western Electric Company, Inc. [filing #8], and defendants Coffelt, Graves, Much, Garbena, Boge, Franzen, and McKay. [Filing #7]. The individuals named are supervisory employees of Western Electric Company.

Plaintiff's complaint alleges a breach of his employment contract with Western Electric Company as a result of a "conspiracy" between Western Electric, certain of the Company's supervisory employees, the Communication Workers of America [Also District 7, and Local #7495 of the Union], and various members and officers of the union local [either as agents of the local or in the alternative not as agents of any labor organization].

Defendant, Western Electric Company, contends that plaintiff has failed to state a claim because the complaint does not allege that plaintiff has exhausted the contractual grievance procedures provided in the collective bargaining agreement.

Plaintiff contends that his claims against each of these defendants arise under the provisions of Title 29 United States Code § 185. That section reads as follows:

"[A] Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

For purposes of these motions it has been stipulated that Western Electric is engaged in an industry affecting commerce.

Section 185 has been interpreted to be more than a mere grant of jurisdiction to the district courts. Such interpretation was given final sanction by the Supreme Court in Textile Workers Union of America v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 [1957] where it was said:

"* * * We would undercut the Act and defeat its policy if we read § 301 [29 U.S.C. § 185] narrowly as only conferring jurisdiction over labor organizations. The question then is, what is the substantive law to be applied in suits under § 301(a)? We conclude that the substantive law to apply in suits under § 301(a) is federal law, which the courts must fashion from the policy of our national labor laws." Textile Workers Union of America v. Lincoln Mills [supra at page 456, 77 S.Ct. at page 918].

The boundaries of § 301 [a] [29 U.S.C. § 185(a)] are in the process of being "fashioned". The latest authoritative statement of the section's coverage was given in Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 [U.S. February 27, 1967] in which the Supreme Court decided that an action by an employee-plaintiff against his bargaining representative for breach of its duty of fair representation was a § 301 [a] suit. It was further indicated that, while the employee's failure to exhaust contractual grievance procedures would be a good defense to his action in some circumstances, such contractual provisions could not serve to bar the action where the employee had no effective access to the procedures.

"It is true that the employer in such a situation may have done nothing to prevent exhaustion of the exclusive contractual remedies to which he agreed in the collective bargaining agreement. But the employer has committed a wrongful discharge in breach of that agreement, a breach which could be remedied through the grievance process to the employee-plaintiff's benefit were it not for the union's breach of its statutory duty of fair

representation to the employee. To leave the employee remediless in such circumstances would, in our opinion, be a great injustice. * * *" Vaca v. Sipes [supra]

■ In the present case the complaint alleges that the union and the employer conspired to breach the employment contract of plaintiff. The union's officers and agents are alleged to have procured plaintiff's discharge through discrimination and coercion against plaintiff, through a malicious conspiracy with defendant Western Electric and through various acts of physical force against plaintiff.—["tripping, shoving, striking with fists, * * * etc."]. If the facts alleged by plaintiff are true, which we must here assume, we cannot see that the plaintiff had any effective access to the contract grievance procedures. The grievance procedure of the collective bargaining agreement between Western Electric Company and the Communication Workers of America is before this Court in the form of affidavit. [filing #8]. It is obvious from the affidavit that the agreement provisions contemplate that the union will present the employee's case. Also, the first step of the grievance procedure is the presentation of the employee's grievance to his immediate supervisor. In the case before us it is alleged that the immediate supervisors were aware of the conspiracy against plaintiff, and indeed, participated therein. Under the facts alleged we have decided that plaintiff's complaint is not deficient for failure to allege exhaustion of the contractual remedies. This is not to say, however, that the issue may not be asserted by the defendant in defense to the action at trial. We have therefore concluded that plaintiff has stated a claim against Western Electric Company and that the claim is within the jurisdiction of this Court.

■ Defendants Coffelt, Graves, Much, Garbena, Boge, Franzen, and McKay deny this Court's jurisdiction over the claim alleged. Basically, plaintiff's claim against these defendants is for malicious interference with the corporate contract. Even though a proper claim is stated [26 A.L.R.2d 1270], we do not believe that it is a § 301[a] suit, and there appearing no other grounds which give this Court jurisdiction, the complaint must be dismissed as to these defendants.

■ The problem which was sought to be corrected by the Congress by § 301 was described as follows:

"If the unions can break agreements with relative impunity, then such agreements do not tend to stabilize industrial relations. The execution of an agreement does not by itself promote industrial peace. * * * Consequently, to encourage the making of agreements and to promote industrial peace through faithful performance by the parties, collective agreements affecting interstate commerce should be enforceable in the Federal Courts. Our amendment would provide for suits by unions as legal entities and against unions as legal entities in the Federal courts in disputes affecting commerce." S.Rep. No 105, 80th Cong., 1st Sess., p. 16.

While an individual employee may invoke the provisions of the section under certain circumstances, Smith v. Evening News Assn., 371 U.S. 195, 83 S.Ct. 267, we do not believe that the section gives the Court jurisdiction over a claim merely because it is related to an employment contract. In spite of the logical appeal of a rule which would allow an employee-plaintiff to litigate all of his claims in one action, we do not believe that such is the present state of the law, nor do we deem it this Court's prerogative to "fashion" such a rule. Accordingly,

It is ordered that the motion to dismiss plaintiff's complaint as to defendant Western Electric Company, Inc. should be and is hereby overruled.

It is further ordered that the motion to dismiss plaintiff's complaint as to defendants Dan H. Coffelt, Jerry Graves, James Much, Jerry Garbena, Al Boge, Robert Franzen, and Howard McKay should be and is hereby sustained.