**Edward R. HARRINGTON, Plaintiff,**

v.

**CHRYSLER CORPORATION, and Local Union 412, United Auto Workers, Defendants.**

**Civ. No. 32712.**

United States District Court
E. D. Michigan, S. D.
Sept. 8, 1969.

William C. Ibershof, Birmingham, Mich., for plaintiff.

Walter B. Maher, Legal Dept. Chrysler Corp., Detroit, Mich., for defendant Chrysler Corp.

Livingston, Gregory, VanLopik & Higle, Detroit, Mich., for defendant Local Union No. 412, UAW.

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

KAESS, District Judge.

This is an action by Edward R. Harrington, plaintiff, to recover alleged damages suffered as a result of an alleged breach of a collective bargaining agreement between Chrysler Corporation and Local Union 412, United Auto Workers (defendants). Plaintiff contends that, in accordance with the collective bargaining agreement, he was entitled to certain seniority rights which were systematically denied him.

That during the period of the collective bargaining agreements defendants unlawfully, deliberately, and maliciously conspired and agreed together, against the plaintiff and others similarly situated, to cause him to lose his contractual rights. Plaintiff further alleges that he made repeated attempts to exhaust his intra-union remedies, but to no avail. That defendants have failed and refused to process plaintiff's grievances, obtain arbitration, and conspired and agreed to deprive him of his seniority, to which he is lawfully entitled.

In support of the aforementioned allegation, plaintiff alleges that on June of 1967 he requested his steward, Frank Liccadello, and his Unit Chairman, Mathew McClellan, to submit his entire grievance file for appeal; that he was told by each of them that he could not take his grievance any further and that no further action would be taken in connection with his grievances; that, as a result of this refusal, he was denied the right to appeal. Therefore, plaintiff concludes, the exhaustion of intra-union remedies doctrine does not and cannot apply since it would have been uncertain and/or futile to pursue the grievance procedures available.

Defendants, however, contend that plaintiff made no attempt to exhaust his administrative remedies. That the burden is upon the plaintiff to prove that the local union breached its duty of fair representation.

The principal issue presented by this motion for summary judgment is whether or not plaintiff Harrington's action can be maintained, where the applicable extra-judicial procedures have not been exhausted. There is no dispute as to the existence of arbitration and grievance

procedure. The problem is how far must these procedures be pursued before there exists recourse to this court's jurisdiction.

■ It is well established that a union member must exhaust all extra-judicial procedures before there exists recourse to the courts. In Bsharah v. Eltra Corp., 394 F.2d 502 (6th Cir., 1968), a former employee was relegated to grievance procedures and could not obtain judicial relief where such procedures had not been pursued.

However, an exception exists to this general principle where the exhaustion of extra-judicial remedies would prove futile, a sham, or unreasonable. Absent a showing of such futility, sham, or unreasonableness, the exhaustion of remedies doctrine will be applied. Local Union No. 28 International Brotherhood of Electrical Workers v. International Brotherhood of Electrical Workers, 197 F.Supp. 99 (D.C.Md., 1961).

It appears from the facts presented that the extra-judicial remedies available to plaintiff Harrington are two-fold in nature: (1) those procedures set forth in the collective bargaining agreement between Local Union 412 and Chrysler Corporation, and (2) those intra-union appeal procedures set forth in Article 32 of the Constitution of the International Union. It is no excuse that it would have been futile to present plaintiff's grievances to the local officers. The plaintiff was obliged to comply with the intra-union appeal procedure; and absent such compliance, the courts lack jurisdiction to hear the complaint. Durandetti v. Chrysler Corporation, 195 F. Supp. 653 (D.C.Mich., 1961); Durkin v. Murray, 90 F.Supp. 367 (D.C.D.C., 1950); Johnson v. United Mine Workers of America, Dist. 50, 186 F.Supp. 96 (D.C.Minn., 1960); Fingar v. Seaboard Air Line Railroad Company, 277 F.2d 698 (5th Cir., 1960).

■ In the case at bar, plaintiff Harrington sought redress only by means of the grievance machinery set forth in the local collective bargaining agreement between Local Union No. 412 and Chrysler Corporation. He did not avail himself of the intra-union appeal procedures to challenge Local 412's alleged arbitrary action in refusing to represent the plaintiff with respect to the grievance. The intra-union appeal procedures set forth in Article 32 of the Constitution of the International Union require the aggrieved member to submit his appeal in writing within a specified time period following the alleged action and further require that all remedies and appeals under the International's by-laws be exhausted prior to commencement of any appeal to a civil court or government agency for redress.

Thus, based upon plaintiff Harrington's failure to affirmatively show some action pursuant to the intra-union appellate procedures, this court is without authority to entertain the plaintiff's action.

Therefore, it is ordered that defendants' Motion for Summary Judgment is granted.