**Mike IMBRUNNONE, Plaintiff,**

v.

**CHRYSLER CORPORATION et al.,
Defendants.**

**Civ. A. No. 36112.**

United States District Court,
E. D. Michigan, S. D.

April 26, 1971.

Max D. McCullough, Mt. Clemens, Mich., for plaintiff.

Walter B. Maher, Chrysler Corporation-Legal Dept., Detroit, Mich., for defendant Chrysler.

Stephen I. Schlossberg, John A. Fillion, Jordan Rossen, Stanley Lubin, Detroit, Mich., for defendant Union.

## RULING ON DEFENDANTS' MOTION TO DISMISS

ROTH, District Judge.

This is a civil action based upon a grievance by plaintiff against defendant Chrysler for the alleged malicious conduct of defendant Charles Smith in discharging plaintiff, and brought against the union for alleged bad faith and fraudulent conduct in refusing to exhaust all of the grievance procedures set forth in the union contract and available to plaintiff. The action was initiated in Macomb County Circuit Court, State of Michigan, and was removed to this Court by defendants as being an action arising under the National Labor Relations Act, 29 U.S.C.A. § 159(a).

Defendants Chrysler and the Union (International and Local 1264) now move this Court to dismiss this action because the Court is without jurisdiction or in the alternative that plaintiff has failed to state a cause of action for which relief can be granted. Defendants allege that plaintiff failed to exhaust his intra-union remedies before instituting this civil action. Plaintiff responds to the motions to dismiss claiming that he was led to believe that no further steps in the grievance procedure were available to him by a letter from the International Representative of the Union which stated

. . . Your grievance was removed from the grievance procedure because, in my opinion, it would not be possible to win the grievance by appeal to a higher level."

\* \* \* \* \* \*

"Efforts were made at this level to have you reinstated. In effect, the grievance procedure was 'streamlined' to seek your reinstatement."

Plaintiff claims that this indicates that efforts were made in his behalf at the International level and that the union constitution makes no provision for an appeal from a decision by someone at the International level.

 It is incumbent upon plaintiff to plead and prove that he attempted to process his individual grievance according to the provisions contained in the arbitration agreement between the union and the corporation, and that he has exhausted such provisions before he is entitled to bring a civil action. Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L. Ed.2d 842 (1967). In the absence of such exhaustion, plaintiff is prohibited from proceeding in civil courts on the

same dispute. The only exception to this requirement is where the employee can prove that the union was guilty of bad faith and fraud and breach of its duty of fair representation in its handling of his grievances. Vaca v. Sipes, *supra*. Plaintiff, however, must show that the failure of the union to process his grievance was the result of fraud, misrepresentation, bad faith, dishonesty or gross mistake or inaction, in order to maintain such an action. Balowski v. International U., United A. A. & A. Imp. Workers, 372 F.2d 829 (6th Cir. 1967); Williams v. Kroger Co., 369 F.2d 85 (6th Cir. 1966). Whether a representative of the union has acted fairly is to be determined by the facts of each case. Pekar v. Local U. No. 181 of Int. U. of United Brewery, etc., Workers, 311 F.2d 628 (6th Cir. 1962), cert. denied, 373 U.S. 912, 83 S.Ct. 1303, 10 L.Ed.2d 414; Trotter v. Amalgamated Association of Street Electric Railway and Motor Coach Employees, 309 F.2d 584 (6th Cir. 1962), cert. denied, 372 U.S. 943, 83 S.Ct. 936, 9 L.Ed.2d 968. It is incumbent upon the plaintiff to allege those facts which would tend to show bad faith or discrimination, and not merely advance conclusory statements alleging such. Balowski v. International U., United A. A. & A. Imp. Workers, *supra*. Giving full consideration to the import of the statements contained in the letter from the union representative to plaintiff relative to the efforts on his behalf, plaintiff has nevertheless failed to make a showing that the actions of the union were of such a gross nature that he was precluded from abiding by the required procedures for filing and appealing his grievance spelled out in the union constitution and the agreement between the union and plaintiff's employer. A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith. Vaca v. Sipes, 386 U.S. 171, 190, 87 S.Ct. 903, 17 L.Ed.2d 842, 857 (1967). Having failed to set forth facts which show such, plaintiff is bound to the exhaustion requirement before instituting suit. (Plaintiff, in fact, has recourse to the Public Review Board, Union Constitution, Arts. 31, 32.)

This brings this case fully within the decision of Harrington v. Chrysler Corporation, 303 F.Supp. 495 (E.D.Mich. 1969) (Kaess, J.). Absent compliance with the exhaustion requirement, this Court has no jurisdiction to consider plaintiff's complaint. Bsharah v. Eltra Corp., 394 F.2d 502 (6th Cir. 1968); Durandetti v. Chrysler Corporation, 195 F.Supp. 653 (E.D.Mich.1961) (Levin, C. J.); Stringfield v. International Union of United Rubber, Cork, Linoleum and Plastic Workers of America, 190 F.Supp. 380 (E.D.Mich.1959), aff'd 285 F.2d 764 (6th Cir. 1960).

For the reasons stated above defendants' motions to dismiss for failure to state a claim over which this Court has jurisdiction are hereby granted. An appropriate order may be submitted.