**William RUZICKA, Plaintiff,**

v.

**GENERAL MOTORS CORPORATION, a Delaware corporation, International Union, United Auto Workers (UAW), Local Union 166, UAW, jointly and severally, Defendants.**

**Civ. A. No. 36598.**

United States District Court,
E. D. Michigan, S. D.

Jan. 20, 1972.

Robert J. Dinges, Glotta, Adelman & Dinges, Detroit, Mich., for plaintiff.

J. F. Wheatley, General Motors Corporation Legal Department, Detroit, Mich., for defendant GM.

Jordan Rossen, Asst. Gen. Counsel, International Union UAW, Detroit, Mich., for the Union.

## MEMORANDUM OPINION DENYING MOTION TO DISMISS

FEIKENS, District Judge.

Plaintiff in this action is William Ruzicka, a former employee of General Motors Corporation. Defendants are General Motors Corporation and the UAW. On March 31, 1970, he was fired by General Motors for being drunk on the job and for using abusive language to a management employee. Ruzicka filed a written grievance, protesting his discharge, which proceeded through steps one and two of the grievance procedure but was not appealed to the third and fourth steps. Plaintiff claims that he notified his Shop Committeeman to continue processing his grievance but that he (a man Panter, by name) failed to do so because of personal hostility towards Ruzicka.

Plaintiff alleges that the decision of management was contrary to consistent rulings of impartial umpires in that the correct disciplinary action should have been a temporary suspension. Therefore, plaintiff sued General Motors Corporation for breach of contract, claiming an improper discharge. He may maintain this, only if the defendant UAW breached its duty of fair representation.

Plaintiff's suit against his union, the UAW, is based on that claimed breach of the union's duty of fair representation. Vaca v. Sipes, 386 U.S. 171, 87 S. Ct. 903, 17 L.Ed.2d 842 (1967). Plaintiff alleges that he had "lost favor" with his union and that the local union's Shop Committeeman was hostile towards him and therefore failed to process plaintiff's grievance to the third and fourth stages.

General Motors Corporation has filed a motion to dismiss based on the fact that plaintiff failed to complete the grievance procedures pursuant to the collective bargaining agreement. Since

plaintiff's claim against General Motors is based on breach of contract, contract law indicates that plaintiff must comply with the contract terms.

". . . [I]f the wrongfully discharged employee himself resorts to the courts before the grievance procedures have been fully exhausted, the employer may well defend on the ground that the exclusive remedies provided by such a contract have not been exhausted. Since the employee's claim is based upon breach of the collective bargaining agreement, he is bound by terms of that agreement which govern the manner in which contractual rights may be enforced. For this reason, it is settled that the employee must at least attempt to exhaust exclusive grievance and arbitration procedures established by the bargaining agreement." Vaca v. Sipes, 386 U.S. 171, 184, 87 S.Ct. 903, 914, 17 L.Ed.2d 842 (1967).

An exception to this rule arises if the union has sole power to invoke the higher stages of the grievance procedure, and the plaintiff (as is alleged here) is prevented from exhausting grievance procedures by the union's wrongful refusal to process the grievance. Vaca v. Sipes, *supra* at 185, 87 S.Ct. 903. The court further stated:

"For these reasons, we think the wrongfully discharged employee may bring an action against his employer in the face of a defense based upon the failure to exhaust contractual remedies, provided the employee can prove that the union as bargaining agent breached its duty of fair representation in its handling of the employee's grievance." *Supra* at 186, 87 S.Ct. at 914.

Thus the validity of defendant General Motors' defense of failure to complete the grievance procedures depends upon whether the UAW breached its duty of fair representation.

The rationale for permitting the plaintiff to proceed where the union has breached its duty of fair representation is that otherwise the employee is remediless—abandoned by his union and fired by his company. It does no injury to the company to allow him to proceed, since plaintiff alleges that they have discharged him wrongfully and that his failure to perform his own contract obligations is not attributable to him. Richardson v. Communications Workers of America, 267 F.Supp. 403 (D.Neb. 1967).

Thus plaintiff must be able to show first that the defendant union breached its duty of fair representation.

In this district some cases indicate that plaintiff must show that he has exhausted or attempted to exhaust his internal remedies against the union before he can proceed against it in court. In Harrington v. Chrysler Corporation, 303 F.Supp. 495 (E.D.Mich.1969, Kaess, J.), plaintiff failed to completely exhaust his contract grievance procedure and his intra-union appeal procedure set forth in Article 32 of the UAW Constitution. Judge Kaess stated:

". . . plaintiff . . . sought redress only by means of the grievance machinery set forth in the local collective bargaining agreement between Local Union No. 412 and Chrysler Corporation. He did not avail himself of the intra-union appeal procedures to challenge Local 412's alleged arbitrary action in refusing to represent the plaintiff with respect to the grievance. The [UAW Const.] require[s] the aggrieved member to submit his appeal in writing within a specified time period . . . and * * * all remedies and appeals . . . [must] be exhausted prior to [resort to court].

"Thus, based upon plaintiff's . . . failure to affirmatively show *some* action pursuant to the intra-union appellate procedures, this court is without authority to entertain the plaintiff's action." *Supra* at 497. (Emphasis added.)

See also Imbrunnone v. Chrysler Corporation, 336 F.Supp. 1223 (E.D.Mich.

1971). (Plaintiff's action barred because he failed to exhaust his grievance procedure and the union's action was not so arbitrary so as to constitute unfair representation.)

Anderson v. Ford Motor Company, 319 F.Supp. 134 (E.D.Mich.1970), relies upon Bsharah v. Eltra Corporation, 394 F.2d 502, 503 (6th Cir. 1968), and the Circuit Court there stated that where plaintiff "failed to allege or show any attempt to initiate her intra-union remedies prescribed by the [UAW Constitution and bylaws] . . ." it would affirm the district court's dismissal of her claim. Chief Judge Freeman in *Anderson,* in reliance upon this language, held that plaintiff employees must completely exhaust their intra-union remedy before resort to federal court. The above-mentioned district court cases are uniform in their extension of the obligation to exhaust intra-union remedies beyond that enunciated in the decisions of the Sixth Circuit.

██ In the instant case, plaintiff Ruzicka has spent approximately one year prior to suit in an attempt to pursue his intra-union remedy. He is still attempting to proceed within the union. While a privately administered system for the redress of employee grievances is an integral part of our national labor relations policy of settling disputes without the necessity of judicial resolution, it should not operate to deprive an employee of his access to the federal courts under Section 301 (unless he has failed to substantially exhaust his remedies under that system). I hold there has been sufficient exhaustion in this case.

█ The UAW also argues in support of its motion that plaintiff has not pleaded sufficient facts to establish that the UAW acted in bad faith or with hostile or arbitrary discrimination.

In Balowski v. International Union, 372 F.2d 829 (6th Cir. 1967), the court stated:

"The allegations of a complaint alleging the breach of a Union's duty of fair representation must contain more than 'conclusory statements alleging discrimination.' In particular plaintiffs must make a showing that the action or inaction of the statutory representative complained of was motivated by bad faith, for the gravamen of the rule is 'hostile discrimination.' " At 835.

In the instant case, plaintiff has made a sufficient allegation of bad faith to comply with the Federal Rules of Civil Procedure.

█ Ruzicka, before the commencement of this lawsuit, brought charges against the union before the National Labor Relations Board. On October 9, 1970, the Regional Director refused to issue a complaint. In December this refusal was affirmed by the General Counsel of the National Labor Relations Board. There is no appeal, either administrative or judicial, from such a decision. United Electrical Contractors Ass'n v. Ordman, 366 F.2d 776 (2nd Cir. 1966). The UAW argues that this refusal should be res judicata or collaterally estop the plaintiff from proceeding in this court.

While the issue before this court is identical to that before the National Labor Relations Board, it is clear that res judicata does not attach to the refusal to issue a complaint. The nature of such a decision is tentative. The Board itself is not bound by such a decision. Maxwell Co. v. NLRB, 414 F.2d 477 (6th Cir. 1969). See also NLRB v. Zimnox Coal Co., 336 F.2d 516 (6th Cir. 1964). The refusal to issue a complaint is not res judicata, NLRB v. Baltimore Transit Co., 140 F.2d 51 (4th Cir. 1944), cert. denied 321 U.S. 795, 64 S.Ct. 848, 88 L. Ed. 1084 (1944), because it is not final. Furthermore, the traditional elements of res judicata are not present. There is no opportunity by the charging parties to actually litigate the matter. Therefore, neither res judicata nor collateral estoppel applies.

As to the final contention by the UAW concerning Panter's authority to

act for the International Union, this involves questions of fact so is best reserved for trial.

The motion to dismiss brought by defendant General Motors is also denied for the above reasons. An appropriate order may be presented.