Lewis E. MIMS, Plaintiff,

v.

CAPITOL PRINTING INK CO., INC., et al., Defendants.

Civ. A. No. 75–1184.

United States District Court, District of Columbia.

Jan. 7, 1976.

Patricia M. Worthy, Washington, D. C., for plaintiff.

John J. Harkins, Washington, D. C., for defendant Capitol Printing Ink Co., Inc.

Glenn V. Whitaker, James R. O'Connell, Washington, D. C., for defendants Robert Anistead and Washington Printing Specialties and Paper Products Union No. 449.

## MEMORANDUM AND ORDER

GESELL, District Judge.

Plaintiff in this action, having been dismissed from his job, seeks reinstatement and damages for an alleged breach of a collective bargaining agreement. Defendants are the Capitol Printing Ink Co., Inc. ("Capitol"), plaintiff's former employer; Washington Printing Specialties and Paper Products Union No. 449 ("Union"), the exclusive bargaining representative at Capitol and an affiliate of the parent International Printing and Graphic Communications Union; and Robert Anistead, president of the defendant Union. All parties have filed cross-motions for summary judgment after depositions and the issues have been thoroughly briefed.

The facts which the Court finds dispositive are undisputed. At all times relevant here, plaintiff was employed as an ink weigher by Capitol and was a member of defendant Union. In June, 1974, plaintiff became involved in a physical altercation with a fellow employee on the company's premises during work hours. Such conduct was in violation of posted shop rules which were in fact known to plaintiff. As a result, both plaintiff and the other employee were immediately discharged by Capitol. Plaintiff thereupon notified the Union representative, defendant Anistead, of the dis-charge and asked that the matter be investigated and arbitrated pursuant to Section 25 of the collective bargaining agreement then in effect. Considerable investigation ensued and a number of efforts were made by Anistead, without success, to negotiate a satisfactory resolution with the company. While the specifics of the ensuing events are somewhat uncertain, it is clear that the Union did not request arbitration. Although the timing of the matter is not free from doubt, even if the Court assumes for purposes of the present motions for summary judgment that plaintiff was not advised of the Union's decision not to request arbitration until the Union so informed his counsel by letter dated April 25, 1975, plaintiff took no action subsequent to this date until a civil complaint was filed on June 18, 1975. In particular, he made no effort to invoke Article XX of the Constitution and By-Laws of the International Printing and Graphic Communications Union, which provided in pertinent part:

> Section 1. Appeals may be taken by any member from a decision affecting his rights . . . as follows:
>
> (a) From the decision of a subordinate Union, to the President of the International Union, who shall render a decision of any appeal within thirty days from the receipt thereof.

On these uncontroverted facts the defendant Union is entitled to summary judgment. Plaintiff's failure to avail himself of the internal union appellate procedures requires this Court to stay its hand and refrain from intervention. These procedures were mandatory under the parent Union's Constitution and exhaustion of them was a prerequisite to the filing of this action. At least in the first instance they were adequate and available to preserve whatever rights plaintiff may have had under the collective bargaining agreement. No showing whatsoever has been made that the procedures were defective or that resort to them would have been futile. Any concern that such an appeal would have prolonged an already protracted dispute is allayed by the requirement that the president

of the parent Union respond to an appeal within thirty days. In any event, the fear of further delay does not excuse plaintiff's failure to institute the process and see whether a prompt resolution was forthcoming, with recourse to the court if it was not. Consequently, summary judgment will be entered for the defendant Union. *See Newgent v. Modine Mfg. Co.*, 495 F.2d 919, 927–28 (7th Cir. 1974); *Imel v. Zohn Mfg. Co.*, 481 F.2d 181, 183–84 (10th Cir. 1973), *cert. denied*, 415 U.S. 915, 94 S.Ct. 1411, 39 L.Ed.2d 469 (1974); *Brookins v. Chrysler Corp., Dodge Main Division*, 381 F.Supp. 563, 564–67 (E.D.Mich.1974); *compare Dorn v. Meyers Parking System*, 395 F.Supp. 779 (E.D.Pa.1975).

■ The foregoing likewise disposes of the claim against defendant Anistead, the Union president and its representative in this matter. Moreover, under the circumstances of this case, an individual Union official cannot be held personally liable for damages, *see Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 245–49, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962). Anistead's motion for summary judgment is therefore granted.

■ Finally, defendant Capitol is also entitled to summary judgment. Plaintiff incorrectly claimed he had not received written notice of the grounds for discharge but the proof shows the contrary by written evidence and plaintiff's own admission on deposition. The company had no duty to arbitrate unless requested by the Union after Union investigation and, as already found, the Union made no such request.

Accordingly, the motion of each defendant for summary judgment is hereby granted, and the plaintiff's motion for summary judgment is denied.

SO ORDERED.