**Matthew WILLIAMS et al., Plaintiff-Appellant,**

v.

**DANA CORPORATION, Defendant-Appellee.**

No. 20816.

United States Court of Appeals, Sixth Circuit.

May 3, 1971.

Matthew Williams, in pro. per.

Robert J. Battista, Detroit, Mich., for appellee, Butzel, Eaman, Long, Gust & Kennedy, Detroit, Mich., on brief.

Before WEICK, PECK and McCREE, Circuit Judges.

PER CURIAM.

We consider an appeal from a judgment dismissing an action filed *in propria persona* by an employee against his employer under § 301 of the National Labor Relations Act, 29 U.S.C. § 185(a), for violation of a collective bargaining agreement. Appellant was discharged from his job for absenteeism under criteria embodied in supplementary language added to the contract after initial ratification. He alleges that this contract language was adopted in violation of the UAW Constitution, art. 19, § 3, which requires approval by the affected local union of such changes in a collective bargaining contract.

The District Court dismissed the case on the grounds that appellant had not exhausted the grievance procedures which were his contractual remedies. However, the complaint alleged that appellant did attempt to invoke these procedures, and that the union failed to press his grievances in good faith.

We hold that appellant has stated a cause of action under § 301, as interpreted in Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), and that his allegations of exhaustion of contractual remedies (which for the purpose of the motion to dismiss must be accepted as true) are sufficient to avoid the bar of Republic Steel Corp. v. Maddox, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965). *Cf.* Broniman v. Great Atlantic & Pacific Tea Co., 353 F.2d 559, 563 (6th Cir. 1965), where the court said "that there was no real attempt to use the contract grievance procedure agreed upon by the employer and the union." The judgment of the District Court is reversed, and the cause is remanded to the District Court for proceedings not inconsistent with this opinion.