David **SEDLARIK**, Plaintiff,

v.

**GENERAL MOTORS CORPORATION et al., Defendants.**

Civ. A. No. 215.

United States District Court,
W. D. Michigan, S. D.

May 20, 1971.

McKinley, Jerkins & Reisterer, Kalamazoo, Mich., for plaintiff; Bucknell,

Gergely & Foley, John F. Foley, Vicksburg, Mich., of counsel.

Howard & Howard, Kalamazoo, Mich., for defendant General Motors; Ross L. Malone, Gen. Counsel, General Motors Corp., of counsel.

Bernard F. Ashe, Detroit, Mich., for International Union.

### PRELIMINARY OPINION

ENGEL, District Judge.

A welder equipment maintenance repairman employed by defendant General Motors Corporation at its Fisher Body Division plant at Kalamazoo brings this action under Section 301 of the National Labor Relations Act, U.S.C. Title 29, Section 185, against General Motors Corporation and the UAW "on behalf of himself and all other employees of defendant General Motors Corporation who may be similarly situated".

The first count purports to set out a cause of action against General Motors for alleged breach of its collective bargaining agreement with the UAW and in particular with the local lines of demarcation agreement of the Kalamazoo plant in basically two parts. In paragraph 7, plaintiff alleges that defendant corporation, contrary to its agreement, assigned work to employees other than welding equipment maintenance repairmen and second, in paragraph 9 of the complaint, it is alleged that the defendant corporation failed to credit the plaintiff and other employees in like circumstances with their proper training time toward employee in training seniority rating.

The last three paragraphs of the complaint are quoted verbatim as follows:

"11. Plaintiff and other welding equipment maintenance repairmen have brought many grievances protesting these violations into the collective bargaining agreement grievance procedure and the grievances have been largely denied.

"12. Defendant Union arbitrarily and in bad faith, has refused to process some of these grievances and refused to take any of these grievances to arbitration.

"13. Plaintiff and other welding equipment maintenance repairmen have been denied any relief through appeals within Defendant Union so that further appeals within the defendant Union would be futile."

The second count alleges the liability of defendant Union and arises under U. S.C. Title 29, Section 158(b).

Plaintiff in this count alleges that he is a member of Local 488 of the Defendant Union and further claims, quoting verbatim the last three paragraphs of that complaint:

"5. Defendant Union has breached its duty of fair representation to Plaintiff and other welding equipment maintenance repairmen by its failure to process grievances concerning failure of Defendant Corporation properly to assign them work and give them proper credit for training time, settling other such grievances against them contrary to the contract and failure to submit any such grievance to arbitration.

"6. Defendant Union breached its duty of fair representation by reason of its arbitrary and bad faith handling of grievances and complaints of the plaintiff and other welding equipment maintenance repairmen.

"7. Plaintiff and other welding equipment maintenance repairmen have been denied any relief through appeals within Defendant Union so that further appeals within the defendant Union would be futile."

Plaintiff asks as relief against defendant General Motors Corporation, that it be ordered to cease violating the collective bargaining agreement and that it be ordered to assign welding equipment maintenance repair work and to credit proper time to employees in training seniority rating in accordance with the collective bargaining agreement. Plaintiff also seeks damages to himself and other employees in like circumstances a sum of $1,250,000.

For relief against defendant Union plaintiff requests that this court order the Union to process and fairly represent the grievances of the plaintiff and other employees in like circumstances concerning the failure of defendant corporation properly to assign them work and to process the grievance of plaintiff and other employees concerning the failure of defendant corporation to properly credit them in time with seniority rating. Further, plaintiff asks damages for himself and others in like circumstances in like amount of $1,250,000.

To this complaint defendant Union has moved under FRCP 12(b) to dismiss for failure to state a claim upon which relief can be granted.

In support of its motion, the Union claims that the complaint has not alleged sufficient facts which indicate that the Union has violated the duty of fair representation (under applicable case law). The Union further asserts that the intra-union appellate procedures have not been exhausted and that an allegation that "further appeals within the defendant Union would be futile" is not sufficient to cure the requirement that intra-union procedures be resorted to.

Defendant corporation has, pursuant to FRCP 56 moved for a summary judgment of no cause of action in its favor for the reason that there is no genuine issue as to a material fact because plaintiff "has not and cannot allege facts which would permit him and the class he represents to avoid the final and binding effect of the grievance settlements arrived at between the parties to the collective bargaining agreement upon which this suit is based."

General Motors seeks, by the filing of affidavits and reliance upon the plead-

ings, to show affirmatively that the general allegations in the complaint against it are baseless. It further adopts the position taken by defendant Union and urges that if the suit against the Union is dismissed on the latter's motion, it cannot in any wise continue to stand against the corporation alone. (Citing the following cases in support of the stand: Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842; Harrington v. Chrysler, D.C., 303 F.Supp. 495 (1969).

The Court has carefully reviewed the briefs filed by all parties and most of the cited cases cited therein. It has also considered Dill v. Greyhound Corporation, et al, 435 F.2d 231 decided and filed December, 1970, in the U. S. Court of Appeals for the Sixth Circuit and Williams v. Dana Corporation, 442 F.2d 412, decided and filed May 3, 1971, in the U. S. Court of Appeals for the Sixth Circuit.

In response to the motions so filed, plaintiff insists that his pleadings are adequate and that under the notice pleading concept of the Federal Rules 8(a–f), he has adequately set forth a cause of action cognizable by this court. He further takes a different position than the defendant's as to the law concerning adequacy of remedy.

■■ The court is inclined to agree with the position taken by the defendants that simple averments of bad faith in representing the plaintiff in his grievance procedure are inadequate to give the plaintiff standing to bring suit in this court, and further, this court agrees that it is incumbent upon the plaintiff as a condition to his seeking relief in this court to plead affirmatively that he has either exhausted his remedies as set forth upon the contract upon which he relies or to plead facts in avoidance of that obligation showing

that such procedures would be futile. Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842; Glover v. St. Louis-San Francisco Ry., 393 U.S. 324, 89 S.Ct. 548, 21 L.Ed.2d 519.

■ The court recognizes the argument of the plaintiff that in most cases scanty allegations such as contained in plaintiff's complaint might be sufficient in view of the broad discovery powers of the Federal Rules under "notice pleading" concepts. It would seem to the court that in actions of this nature, however, it is incumbent upon the party seeking relief to set out with greater specificity those facts which entitle him to present his case in court. The thrust of the law in this area seems strongly to suggest that its purpose is to provide an orderly and fair processing of grievances and one which will subject neither the employer, the employee and the Union to expensive litigation in court unless and until all other remedies have reasonably been exhausted. Thus, the very purpose of the collective bargaining agreement is to avoid litigation in court by setting up fair and alternative procedures. A rule of law or of pleading which allows a party to circumvent such policy by merely stating conclusions unsupported by the facts to justify them would subvert the purpose of the contract and of the federal law governing the relationships, rights and responsibilities of the parties.

■ At the same time, the court agrees with the observation of the plaintiff that if, in fact, broad notice pleading is not to be deemed sufficient in cases of this type, there ought at least to be an opportunity given the plaintiff to amend so as to show himself entitled to recourse to this court at this time.

One further issue not raised by the parties in their motion, but apparent on the face of the pleadings, is the question of whether or not plaintiff may properly

bring this action as a class action. The requirements for a class action are clearly set out in FRCP 23. FRCP 23(c) (1) provides that:

"As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained.

"An order under this sub[-section] may be conditional and may be altered or amended before the decision on the merits."

▇▇▇ Plaintiff alleges that he brings this action on behalf of himself and others similarly situated, but has failed to set forth the facts which are a condition to a class action under FRCP 23(a), and subparagraph (b).

No determination as to the propriety of a class action has been made by the court to date. Nor has this issue been raised by the parties. Nevertheless, a decision under the court rule is apparently required of the court and at this juncture, it can only be said that absent the proper allegations, this action cannot be commenced as a class action. It is noted, however, from some of the allegations set forth in the complaint, that a class action might be desirable if the requirements of the rule 23 are met.

Accordingly, an order will enter dismissing said case as to defendant Union for failure to allege facts sufficient to state a cause of action and a class action, unless he shall on or before June 10, 1971, amend his complaint to set forth facts and not conclusions which would entitle him to relief in this court. Thereafter, the defendants shall be given the opportunity to file amended answers or other affidavits or pleadings in response thereto. The motion in summary judgment will be held in abeyance until the plaintiff has had an opportunity to amend its complaint.